UNITED STATES of America,
Plaintiff-Appellee,

v.

Demasco Ramon DIAZ, a/k/a Pipo,
Defendant-Appellant.

No. 77-3391.

United States Court of Appeals,
Fifth Circuit.

Nov. 30, 1978.

---

Theodore J. Sakowitz, Fed. Public Defender, Steven E. Kreisberg, Asst. Fed. Public Defender, Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., R. Jerome Sanford, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, GODBOLD, Circuit Judge, and MEHRTENS,[*] District Judge.

MEHRTENS, District Judge.

The defendant Diaz appeals from a conviction, after jury trial, of possession with intent to distribute cocaine (Count 1) and with distribution (Count 2), in violation of 21 U.S.C. § 841(a)(1).

Choosing to take the witness stand, Diaz was asked on direct examination whether he had ever been convicted of a crime. He answered that he had been convicted on two prior occasions. During cross-examination government counsel inquired as to the nature and dates of these convictions. Diaz's counsel objected to these questions, and after a side bar conference, the objections were overruled. Subsequent questioning revealed that Diaz had been convicted for a 1963 conspiracy to violate narcotic laws, and in 1973 for the sale and possession of cocaine—charges identical to those for which he was presently on trial. Neither Diaz's counsel nor the government prosecutor requested the trial judge to charge the jury that the evidence of Diaz's prior convictions was only to be considered for a limited purpose, and the court, *sua sponte,* did not give a cautionary instruction.

The sole issue, therefore, is whether the failure of the trial judge in this case to give such an instruction, *sua sponte,* is reversible error.

It does not appear that this precise question has been determined by this circuit. Other circuits are divided on this issue. See *Nutt v. United States,* 335 F.2d 817 (10th Cir.), *cert. denied,* 379 U.S. 909, 85 S.Ct. 203, 13 L.Ed.2d 180 (1964), holding that there was no error when a limiting instruction was not requested; *contra, United States v. Bobbitt,* 146 U.S.App.D.C. 224, 450 F.2d 685 (D.C.Cir. 1971), holding that the trial judge must act, *sua sponte,* whether or not a request for an instruction is made. *United States v. Ailstock,* 546 F.2d 1285 (6th Cir. 1976); *Evans v. Cowan,* 506 F.2d 1248 (6th Cir. 1974).

At the time of the defendant's conviction, the long-established rule in this circuit was that when a defendant takes the witness stand to testify in his own defense, he puts his character in issue, and the prosecution may impeach his credibility by presenting evidence of prior convictions of either felonies or crimes involving moral turpitude. *See, e. g., United States v. Bedgood,* 453 F.2d 988 (5th Cir. 1972); *United States v. Bray,* 445 F.2d 178 (5th Cir.), *cert. denied,* 404 U.S. 1002, 92 S.Ct. 571, 30 L.Ed.2d 555 (1971); *United States v. Justice,* 431 F.2d 30

---

[*] Senior District Judge of the Southern District of Florida, sitting by designation.

(5th Cir. 1970); *Bendelow v. United States,* 418 F.2d 42 (5th Cir. 1969), *cert. denied,* 400 U.S. 967, 91 S.Ct. 379, 27 L.Ed.2d 387 (1970). *See also,* McCormick on Evidence, § 43 at 89 (1954).

The defendant was convicted two months prior to the effective date of the Federal Rules of Evidence. The matter is now controlled by Federal Rule of Evidence 609 which specifically provides that prior convictions shall be admitted into evidence if the crime was punishable by death or imprisonment in excess of one year, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or if the crime involved dishonesty or false statement, regardless of the punishment. Further, evidence of a conviction more than ten years old is not admissible unless advance written notice of intent to use such evidence is given.

The rule against using prior convictions as substantive evidence of guilt is as firmly entrenched as is the rule of admissibility for impeachment purposes. *United States v. Klein,* 560 F.2d 1236 (5th Cir. 1977); 1 Wigmore on Evidence § 194 (3rd Ed. 1940); McCormick on Evidence § 157 at 327 (1954). See *United States v. Garber,* 471 F.2d 212 (5th Cir. 1972), for a complete, thorough discussion of this question. This court has repeatedly indicated that when evidence of prior similar crimes is properly introduced, the jury must be able to distinguish between credibility evidence and affirmative evidence. *United States v. Martinez,* 555 F.2d 1273 (5th Cir. 1977); *United States v. Gregory,* 472 F.2d 484 (5th Cir. 1972). The propriety of giving a limiting instruction under such circumstances cannot be questioned.

■ After his objections were overruled, it was defense counsel's burden to request a limiting instruction by the court. Upon his failure to do so, it was the duty of the government to make the request. Had either counsel not failed in his obligation to the court, in all probability the trial judge would have given a limiting instruction. Defense counsel's failure to request a cau-tionary instruction is both inexplicable and inexcusable. Although we do not understand how counsel could fail to request a limiting instruction, and despite Federal Rule of Criminal Procedure 30 which provides that "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict," this court is bound to consider error, apparent on the record, which rises to the level of plain or fundamental error. Federal Rule of Criminal Procedure 52(b).

■ We recognize the salutary rule that empowers the trial judge to exercise discretion in determining what curative instruction is required and hold only that when, during a jury trial, evidence is introduced that the defendant has a prior conviction for the same offense for which he is being tried, both counsel and the court have a duty to minimize the risk that the jury would infer guilt on the cocaine charges from the fact of previous convictions on cocaine charges. Thus, in this situation where no cautionary instruction is given to the jury, prejudicial error has intervened.

■ In this case before an able trial judge, which was otherwise free from error, we cannot state with assurance that the failure to give a limiting instruction *sua sponte* did not influence the jury or had but very slight effect on its deliberation. Accordingly, we must set aside the conviction and order a new trial.

Reversed and remanded.