584 So.2d 781 (1991)
Ivory Lee PUGH
v.
STATE of Mississippi.
No. 89-KA-1011.
Supreme Court of Mississippi.
August 7, 1991.
*782 Sam N. Fonda, Lott Franklin Fonda & Flanagan, Greenwood, for appellant.
Mike C. Moore, Atty. Gen., W. Glenn Watts, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and McRAE, JJ.
McRAE, Justice, for the Court:
This is an appeal from the Circuit Court of Leflore County, wherein Ivory Lee Pugh was tried and convicted of the crime of burglary and sentenced to serve a term of ten (10) years in custody of the Mississippi Department of Corrections as an habitual offender. We reverse and remand.
The grand jury indicted appellant (hereinafter "Pugh") in March, 1989, and charged him as follows:
Ivory Lee Pugh late of the County aforesaid on the 15th day of January 1989, in the County aforesaid, the dwelling house, then and there situate, of one Maud [sic] Crosby, 2014 Maybelline, Greenwood, Mississippi, wilfully, unlawfully, feloniously and burglariously did then and there break and enter, with the felonious intent, then and there, [sic] the goods and chattels in the said dwelling house then and there being, wilfully, unlawfully, feloniously and burglariously to take, steal and carry away, at a time when said dwelling house was inhabited by Cynthia Crosby, a human being against the peace and dignity of the State of Mississippi.
Pugh's trial convened on July 6, 1989, and the jury returned a guilty verdict the same day. The following day the court sentenced Pugh to serve ten years as an habitual offender.
Because we reverse and remand on procedural grounds, a lengthy rendition of the facts is unnecessary. It is sufficient to note only that the facts involve Maude Crosby, her daughter Cynthia and Wesley Brown, all of whom reside at 2014 Maybelline in Greenwood, Mississippi. Gregory Crosby, Maude's older son, resides on Roosevelt Street in Greenwood. Pugh allegedly burglarized 2014 Maybelline on January 15, 1989, while Cynthia and Gregory were in the house.

I.
Pugh first argues that the Court erred in allowing the State to impeach him on cross-examination, with evidence of two prior burglary convictions, without first conducting an on-the-record determination that the probative value outweighed the prejudicial effect of such evidence. Recognizing that the Miss.Rules of Evidence apply in both criminal and civil cases, Miss. R.Evid. 609(a) is the applicable rule, which provides as follows:
For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect on a party or (2) involved dishonesty or false statement, regardless of the punishment.
Id.
The Comment to 609(a) states the following:

*783 Under Rule 609(a) crimes are divided into two categories for purposes of impeachment. The first category, 609(a)(1) contains felony-grade convictions. Felony-grade convictions may be used for impeachment purposes, provided the court first determines that the probative value of admitting evidence of the crime outweighs its prejudicial effect. Under Rule 609(a)(1) the trial judge must make an on-the-record determination that the probative value of the prior conviction outweighs the prejudicial effects before the witness may be impeached. See Peterson v. State, 518 So.2d 632 (Miss. 1987) for appropriate guidelines. The second category, 609(a)(2), contains crimes involving dishonesty or a false statement, whether felonies or misdemeanors.
* * *
The phrase "dishonesty or false statement" in 609(a)(2) means crimes such as perjury or subornation of perjury, false statement, fraud, embezzlement, false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.
The admission of prior convictions involving dishonesty or false statement is not within the discretion of the court. Such convictions are peculiarly probative of credibility and are always to be admitted.
Miss.R.Evid. 609 comment (emphasis added).
The following testimony is pertinent to this issue and came out during Pugh's cross-examination:
Q: Did I understand you to say earlier that you wouldn't break into a house with the lights on?
A: I wouldn't break into a house at all.
Q: You wouldn't?
A: No matter with the lights on.
BY MISS BRIDGES (for prosecution): Your Honor, at this time ...
BY MR. FONDA (for defense): Your Honor, I continue to object to this. It's highly prejudicial and I think .. .
BY THE COURT: Let's take this up in chambers.
(IN CHAMBERS)
BY THE COURT: All right, counsel, go ahead and make your request.
BY MISS BRIDGES: Your Honor, this defendant stated on direct examination that he would not break into a house with the lights on.
BY THE COURT: On cross-examination.
BY MISS BRIDGES: On cross-examination I asked him did I understand him to say that, and he said, "Yes, he would not break into a house at all."
This defendant has two prior burglary convictions as well as an uttering forgery conviction which the State has sought to introduce all the time. I think that I'm allowed to impeach this witness because of his statements on the witness stand and also with the uttering forgery conviction which is crimen falsi and which is always to be admitted, but I think that the defendant ... that I'm allowed to impeach him with his burglary convictions based on his statement that he would not break into a house at all.
BY MR. FONDA: Your Honor, I did not ask him that on direct examination. It is true that she did ask him that on cross-examination; but if that's the case, then all you've ever got to do to avoid McInnis, or whatever the case is, is simply ask the defendant "Would you burn a house?" And if he says no, then an arson conviction would be admissible.
BY THE COURT: This question is relevant, is proper, and I am going to allow her to impeach him on the two burglary convictions, not on the uttering forgery.
BY MR. FONDA: Of course this is terribly prejudicial.... I realize he has talked himself into it.
.....
BY THE COURT: I agree it's terribly prejudicial.

*784 BY MR. FONDA: How did he do that, your Honor?
BY THE COURT: By making the statement that he would not break into a house whether the lights were on or not. That's what he said.
BY MR. FONDA: But she solicited that from him.
BY THE COURT: Well then that's his tough luck... . [H]e's talked himself into the two burglary convictions and I am going to allow it... . I'm determining that it is probative and that the defendant himself has invited this information by making the last statement that he made to defense counsel and, as I said, I'm going to allow it. He's invited it.
BY MISS BRIDGES: Do you find that that outweighs the prejudicial effect?
BY THE COURT: Certainly.
BACK IN THE COURTROOM:
Q: Isn't it true, Mr. Pugh, that you were convicted of a crime of burglary in Cause No. 20,318 in the Circuit Court of LeFlore County?
A: Yes, ma'am.
Q: Isn't it also true that you were convicted of the felony crime of burglarly in Cause No. 20,624 for the crime of burglary in the Circuit Court of Leflore County?
A: Yes, ma'am.
In Peterson v. State, 518 So.2d 632 (Miss. 1987) this Court faced a Rule 609 interpretation. The grand jury indicted and the court tried Peterson for the sale of more than an ounce of marijuana. Peterson, 518 So.2d at 634. On cross-examination, the prosecution asked Peterson if he had any felony convictions and, over objection, he admitted to a prior conviction for possession of marijuana. Id. On appeal the defense cited U.S. v. Preston, 608 F.2d 626 (5th Cir.1979) as support for the proposition that the trial judge had to make an on-the-record determination of the probativeness of the prior conviction. Peterson, 518 So.2d at 635. This Court held that "Rule 609(a)(1) requires the trial judge to make an on-the-record determination that the probative value of the prior conviction outweighs its prejudicial effect before admitting any evidence of a prior conviction." Id. at 636. Since this was the first interpretation, this Court listed the following factors to use as an analysis in the trial court:
(1) The impeachment value of the prior crime;
(2) The point in time of the conviction and the witness' subsequent history;
(3) The similarity between the past crime and the charged crime;
(4) The importance of the defendant's testimony; and
(5) The centrality of the credibility issue.
In McInnis v. State, 527 So.2d 84 (Miss. 1988) this Court again addressed Miss. R.Evid. 609(a). The grand jury indicted McInnis on robbery charges and the trial jury subsequently found him guilty as charged. McInnis, 527 So.2d at 85. At issue on appeal was the prosecution's use, for impeachment purposes, of a prior arson conviction. Id. The prosecution offered the arson conviction at the end of McInnis' direct testimony, and the following discussion took place at the bench:
BY MS. BENNETT (PROSECUTOR): The prior conviction was a crime of violence.
BY THE COURT: Well, tell me something about the charge. There are several degrees of arson. What was he charged with?
BENNETT: First degree where he got twenty years-twenty initially and eighteen years and six months suspended and one year and six months to serve.
COURT: Well, since it's first degree arson, I find it does have probative value that would outweigh the detrimental factor to the Defendant, so you may bring it out.
Id. at 85-86.
McInnis argued that the trial court, before ruling on the admissibility of the conviction, erred in failing to (1) inquire into the nature and circumstances of the previous conviction; and (2) apply the Peterson balancing test. Id. at 87. This Court reasoned that under Rule 609(a)(1) the prosecution has the burden to show the prior *785 conviction's probative value, and after this prima facie showing, the trial court should apply the balancing test. Id. at 88. This Court then held that the prosecution's argument that arson was a violent crime failed to establish the prior conviction as probative on the credibility issue. Id.
More recently, in McGee v. State, 569 So.2d 1191 (Miss. 1990) this Court reiterated its Rule 609(a) ruling as follows:
The mandate of our cases is that the prosecution has a threshold burden of showing prima facie the prior conviction's probative value. The prosecution must demonstrate how the conduct, of which the prior conviction is but convincing evidence "may suggest the witness less than credible." We say this once again that Rule 609 declares prior convictions admissible (if at all) solely on the witness' propensity for truthfulness, and not to show
A propensity on the part of the defendant to have acted on the present occasion in conformity with the criminal character suggested by the previous conviction.
If this threshold be cleared, our cases require that a trial judge, confronted with a Rule 609(a) ruling, perform an on-the-record weighing of the probative value of the conviction against its prejudicial effect. En route to ruling on the admissibility of prior convictions, the trial judge must articulate his reason[ing] considering at least five factors:
(1) The impeachment value of the prior crimes;
(2) The point in time of conviction and the witness' subsequent history;
(3) The similarity between the past crime and the charged crime;
(4) The importance of the defendant's testimony; and
(5) The centrality of the credibility issue.
McGee, 569 So.2d at 1195 (citations omitted).
Under Peterson, McInnis, and McGee the State in the case sub judice had the burden to show prima facie the probative value of Pugh's prior burglary convictions. The State argues that Pugh opened the door on this issue by stating on direct examination "I wouldn't break in a house with the lights on and stuff" and by stating on cross-examination that he would not break into a house at all. The State contends that his statements make his prior burglary convictions highly relevant as to his credibility. Arguably, the State may have met its prima facie burden. Where a defendant in effect testifies that he would not engage in a crime for which he had already been convicted, then the conviction may become relevant as a specific rebuttal as opposed to the defendant's credibility generally. We will not permit perjury to go unchallenged, but the Peterson factors have to be weighed before presentment to a jury. See generally Miss.R.Evid. 403 and 609.
The second hurdle under Peterson, McInnis, and McGee was clearly not met in the case sub judice. That is, the trial judge failed to utilize the Peterson factors in determining the admissibility of the prior convictions. Because Pugh's credibility is central to his defense, this case is reversed and remanded for a new trial. See McGee, 569 So.2d at 1197 (although in the past the balancing test has been applied on appeal we remand).

II.
Next Pugh argues that even though defense counsel failed to offer a limiting instruction, the Court should have instructed the jury sua sponte on the limited purpose of such evidence.
The State cites Simmons v. State, 358 So.2d 1324, 1326 (Miss. 1978) and Murphy v. State, 336 So.2d 213, 216-17 (Miss. 1976) for the proposition that the trial judge does not have an affirmative duty to give the jury a limited instruction. Both Simmons and Murphy pre-date the effective date of the Mississippi Rules of Evidence and are not persuasive authority on this issue.
Appropriate authority includes U.S. v. Diaz, 585 F.2d 116 (5th Cir.1978) which involved a drug prosecution where the state impeached the defendant with two *786 prior drug convictions. Diaz, 585 F.2d at 117. Neither the government nor the defense offered a limiting instruction and the sole issue presented on appeal was whether the trial judge committed reversible error in failing to sua sponte give an instruction. Id. The Fifth Circuit held as follows:
[W]hen, during a jury trial, evidence is introduced that the defendant has a prior conviction for the same offense for which he is being tried, both counsel and the court have a duty to minimize the risk that the jury would infer guilt on the cocaine charges from the fact of previous convictions on cocaine charges. Thus, in this situation where no cautionary instruction is given to the jury, prejudicial error has intervened.
[W]e cannot state with assurance that the failure to give a limiting instruction sua sponte did not influence the jury or had but very slight effect on its deliberation. Accordingly, we must set aside the conviction and order a new trial.

Id. at 118.
This Court in Peterson v. State, 518 So.2d 632 (Miss. 1987) cited Diaz and suggested that "the better practice is that a limiting instruction be granted by the trial judge sua sponte when proper request is not made by counsel." Peterson, 518 So.2d at 638. See also Simpson v. State, 553 So.2d 37, 39 (Miss. 1989) (citing Peterson with approval). The State argues that in Peterson the defendant was asked about his previous felonies on cross-examination without ever having opened this up by his own statements on direct, as occurred in the case sub judice. Although factually Peterson is distinguishable, the fact remains that the defendant's credibility is at issue here and under Peterson and Diaz the jury should have been instructed that Pugh's prior convictions were only to be considered for the purpose of attacking his credibility.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN and BANKS, JJ., concur.
DAN M. LEE, P.J., concurs in results only.
PITTMAN, J., not participating.