666 So.2d 499 (1995)
Deric M. JOHNSON
v.
STATE of Mississippi.
No. 91-KA-00846-SCT.
Supreme Court of Mississippi.
December 7, 1995.
*501 Ross Parker Simons, Pascagoula; Jaye A. Bradley, Gautier, for appellant.
Michael C. Moore, Attorney General, Jackson; Jeffrey A. Klingfuss, Sp. Ass't Attorney General, Jackson, for appellee.
En banc.

ON PETITION FOR REHEARING
McRAE, Justice, for the Court:
This Court grants the petition for rehearing and the original opinion is withdrawn and these opinions are substituted therefor.
Deric Johnson was convicted of distribution of cocaine in the Circuit Court of Jackson County and sentenced to ten (10) years in the custody of the Mississippi Department of Corrections. He contends that evidence of a prior conviction of distribution of cocaine should not have been introduced at trial because the prosecution and the trial court failed to meet the prerequisites to its admissibility under M.R.E. 609. To the contrary, we find that the defendant opened the door for its admissibility, and that the evidence was properly introduced as normal impeachment evidence to rebut false statements made by Johnson while testifying at trial. Therefore, this Court affirms Johnson's conviction and ten year sentence.
Prior to trial, the circuit judge overruled Johnson's motion in limine to exclude evidence of his prior conviction of cocaine distribution. The judge noted that if Johnson took the stand and the State thereafter wished to question him regarding his prior conviction, a determination of admissibility would then be made, outside the presence of the jury.
James Cotton, an undercover agent with the Mississippi Bureau of Narcotics, testified at trial that he purchased seven rocks of crack cocaine from Johnson, a/k/a "Skeeter," for one hundred dollars ($100.00). Subsequent witnesses corroborated Cotton's testimony and established that the rocks purchased from Johnson were indeed cocaine. At trial, Cotton identified the defendant, Deric Johnson, a/k/a "Skeeter," as the person from whom he had purchased the cocaine. Cotton also established a chain of custody of the cocaine rocks.
Deric Johnson took the stand and claimed he had never been called "Skeeter" and that he had never seen Agent Cotton before this trial. When asked whether he had done what he was accused of doing, Johnson responded: "I didn't do nothing. I was just going to school, and I know if anything happened at nine o'clock, I was at home, you know." Johnson was then asked if he had ever been arrested for anything before October 6, 1987.[1] He said "No, I ain't never been arrested. Never been in Youth Court or ". Johnson then again denied ever having seen Agent Cotton before this trial.
On cross-exam, the following confused colloquy occurred:

*502 Q: Mr. Johnson, you have never seen Agent James Cotton until today? Is that your testimony?
A: Yes, sir.
Q: And I also heard you say: I've never been arrested. Did you mean before October 6th of 1987, or does that include after October 6th of 1987?
A: Never before, before then.
Q: How much cocaine could somebody buy back in October of '87 for a hundred dollars?
A: I don't know nothing about cocaine.
[Objection by defense counsel overruled.]
Q: What was your answer?
A: I said I don't know nothing about no drugs.
The prosecution then made a motion outside the presence of the jury to introduce Johnson's prior conviction. In ruling on the prosecution's motion, the trial court stated,
As far as the Court is concerned, the request is to show that this defendant saw Agent Cotton on whatever date this trial was, because he just said he didn't. And Agent Cotton testified in his presence at that prior time. [I]n view of this witness' testimony that he's never seen this agent before and he has apparently seen him in court before, I'm going to overrule, I'm going to sustain his motion to ask the proper question, now, Mr. Evans of this witness, if that's what you want to do. Has he ever been convicted before now? And then you can ask him, go into this matter of whether he testified or not with this witness. I'll sustain your motion to go into the prior conviction, but only to proper questions... . [I]t's the Court's opinion that the merit of what the State is trying to get to, to introduce outweighs any prejudice; that this man's testimony that he never saw that agent before is very material when he saw him in court.
The State then elicited from Johnson that he had previously been convicted of the sale of cocaine to Agent Cotton. Defense counsel thereafter, outside the presence of the jury, requested a mistrial claiming the prejudicial effect of Johnson's prior conviction far outweighed its probative value.
As Johnson's prior conviction of distribution of cocaine is not in the nature of crimen falsi, it had no intrinsic probative value and is not mandatorily admissible pursuant to M.R.E. 609(a)(2). This type of crime would only be admissible under M.R.E. 609(a)(1). Johnson, however, argues that the trial court failed to follow the steps required to admit evidence of a prior conviction to impeach pursuant to M.R.E. 609(a)(1). He also claims error in the trial court's failure to make an advance ruling on the admissibility of his prior conviction. The State asserts that Rule 609 is inapplicable to the facts and circumstances of this case. Instead, according to the State, evidence of Johnson's prior conviction was properly admitted pursuant to M.R.E. 404(b) or as "normal impeachment."
This Court has previously admonished that preliminary rulings are preferred unless "delay is absolutely necessary to a fair presentation of the issue." Settles v. State, 584 So.2d 1260, 1265 (Miss. 1991). Prior notice is necessary, according to Johnson, so that a defendant can make an informed decision regarding whether to take the stand. Although preliminary rulings are preferred, it is discretionary with the trial court whether to provide an advance ruling on the admissibility of prior convictions for impeachment purposes pursuant to M.R.E. 609(a)(1). Butler v. State, 608 So.2d 314, 324 (Miss. 1992). It would be of no moment that the trial court declined to provide an advance ruling on the issue since the record indicates that Johnson did not decline to testify in fear of admission of his prior conviction pursuant to M.R.E. 609. We find no error here.
On the other hand, the record does indicate that the State made no attempt to meet the requirements of admissibility pursuant to M.R.E. 609(a)(1). The prosecution must make a prima facie showing "that the conduct giving rise to the prior conviction ... bears upon the witness's propensity for truthfulness" before a prior conviction may be admitted to impeach under M.R.E. 609(a)(1)). Tillman v. State, 606 So.2d 1103, 1107 (Miss. 1992).
*503 Once the State has met its threshold burden of establishing prima facie that the defendant's prior conviction is relevant to his propensity for truthfulness, the trial court must make an on-the-record determination that this probative value outweighs the prejudicial effect of the prior conviction. M.R.E. 609(a)(1), Comment; Tillman, 606 So.2d at 1107; McInnis v. State, 527 So.2d 84, 87 (Miss. 1988); Peterson v. State, 518 So.2d 632, 636 (Miss. 1987). This entails an on-the-record balancing of the following five factors: (1) impeachment value of the prior offense; (2) date of the prior conviction; (3) similarity between the past and presently charged offenses; (4) importance of defendant's testimony; and (5) whether credibility is central. Peterson, 518 So.2d at 636.
Johnson is correct in his contention that the prosecution failed to make a prima facie showing that the prior conviction had probative value. Because the prosecution failed to make a prima facie showing of the probative value of the prior conviction, the trial court could not make an on-the-record determination of whether it was outweighed by its prejudicial effect. See McInnis, 527 So.2d at 88 (purpose of prima facie showing of probative value by prosecution is to provide facts upon which the trial court may balance it against prejudicial effect). Thus, evidence of Johnson's prior conviction could not have been properly admitted pursuant to M.R.E. 609(a)(1). If the prior conviction was admitted as general impeachment pursuant to M.R.E. 609, we would be required to reverse and remand this case to the trial court since neither the State nor the trial court followed the procedures required before admission of evidence pursuant to M.R.E. 609.
The State contends, as it did at trial, that the prior conviction was admitted as "normal impeachment" to show that Johnson had made two specific false statements: (1) that he had never before seen Agent Cotton, and (2) that he didn't know anything about cocaine. In addition, the State asserts that Rule 609 is inapplicable to the facts and circumstances of this case since evidence of Johnson's prior conviction was properly admitted pursuant to M.R.E. 404(b). This Court must determine whether such evidence was properly admitted pursuant to the theories offered by the State as Johnson's prior conviction was not properly admitted pursuant to M.R.E. 609.
Evidence of Johnson's prior conviction of cocaine distribution was admitted on cross-examination. M.R.E. 611(b) allows wide-open cross-examination, but only relevant matters may be explored. Johnston v. State, 618 So.2d 90, 93 (Miss. 1993). The relevancy and admissibility of evidence are left, in large part, to the discretion of the trial court. Johnston v. State, 567 So.2d 237, 238 (Miss. 1990). However, this discretion must be exercised within the confines of the Mississippi Rules of Evidence. Id. Reversal is proper only where such discretion has been abused and a substantial right of a party has been affected. Green v. State, 614 So.2d 926, 935 (Miss. 1992); M.R.E. 103(a).
"Where an accused, on direct examination, seeks to exculpate himself, such testimony is subject to normal impeachment via cross-examination, and this is so though it would bring out that the accused may have committed another crime." Stewart v. State, 596 So.2d 851, 853 (Miss. 1992). Normal impeachment applies when the defendant, on direct examination, makes blanket statements which open the door for impeachment. Quinn v. State, 479 So.2d 706, 708-09 (Miss. 1985); Pierce v. State, 401 So.2d 730 (Miss. 1981). Once this door to the defendant/witness' criminal record has been opened, the evidence used by the State in response is more like rebuttal evidence than impeachment. Settles v. State, 584 So.2d 1260, 1264 (Miss. 1991). Conversely, where the State "initiate[s] the matter by eliciting from the defendant the response it later [seeks] to impeach by showing the defendant's prior criminal ... activities," the impeachment is impermissible and cause for reversal and remand. Quinn, 479 So.2d 706, 708 (Miss. 1985) (emphasis omitted) (citing Tobias v. State, 472 So.2d 398 (Miss. 1985)).
The evidence which the State may admit is not allowed to establish its truth but only for impeaching credibility. Quinn, 479 So.2d at 708. The State is further *504 limited in such impeachment in that it "may not exceed the invitation extended." Stewart, 596 So.2d at 853 (citing Blanks v. State, 547 So.2d 29 (Miss. 1989)). For example, in Stewart this Court stated that after the defendant had opened the door with his denial of ever having seen cocaine except on television, the State should have been limited to showing that he had seen cocaine before on a particular date even if it implied illegal activity. Stewart, 596 So.2d at 854. However, this Court held that prosecution questioning revealing other details of the prior incident/conviction were beyond the invitation extended by the defendant, requiring reversal and remand. Id.
The prosecution's stated purposes for offering evidence of Johnson's prior conviction were consistent with "normal impeachment" or rebuttal: the State sought to rebut specific statements made by Johnson. Johnson denied that he had ever sold cocaine on the day in question, and he claimed to have never seen Agent Cotton. Johnson's statement on direct, that he had never before seen Agent Cotton, was clearly intended to be exculpatory. Appropriately, this statement was subject to normal impeachment or rebuttal via cross-examination, regardless of whether such impeachment would imply another crime had been committed by Johnson.
The State was limited in its impeachment to the invitation extended by these exculpatory remarks. However, the facts demonstrated that Johnson had seen Agent Cotton before because he had been previously convicted of selling cocaine to Cotton. We find that the prosecution stayed within the boundaries provided by the invitation since the circumstances surrounding Johnson's knowledge of Cotton's identity involved a previous conviction for sale of cocaine.
Johnson was also asked about his knowledge of cocaine to which he replied that he didn't know anything about cocaine. The introduction of the prior conviction based solely on this question and reply would have been erroneous. The State "initiated the matter by eliciting from [Johnson] the response it later sought to impeach by showing [Johnson's] prior criminal ... activities." Quinn, 479 So.2d at 708. However, the previous criminal conviction was properly elicited in response to Johnson's claim that he had never before seen Agent Cotton. Again, Johnson had seen Agent Cotton before in relation to a previous conviction for selling cocaine to him. Therefore, any possible error by the prosecution in questioning Johnson as to his general knowledge of cocaine was cured since the information about his prior conviction was appropriately admitted to impeach Johnson's claim to have never seen Agent Cotton.
Johnson also argues that if the prior conviction was properly admitted as impeachment evidence then the trial court should have submitted an instruction limiting its use solely for impeachment purposes. The trial court indeed gave no limiting instruction in the case sub judice. Johnson contends that it was reversible error for the trial court not to offer a limiting instruction sua sponte.
When the prior conviction is the same as the offense for which the defendant is being tried, this Court has "suggest[ed] to the trial judges of this State that the better practice is that a limiting instruction be granted by the trial judge sua sponte when proper request is not made by defense counsel." Peterson, 518 So.2d at 638; see Pugh v. State, 584 So.2d 781, 785-86 (Miss. 1991) (trial court should, sua sponte, provide limiting instruction that prior convictions are to be considered only for purpose of attacking defendant's credibility where prior convictions offered are identical to charge on which defendant is currently being tried).
Johnson's prior conviction was for cocaine distribution; he was being tried for cocaine distribution. However, M.R.E. 105 provides that when evidence is admissible for one purpose but not for another, a request by the affected party is necessary before the judge is required to give a limiting instruction. M.R.E. 105. No such limiting instruction was requested by Johnson. Furthermore, the cases cited by Johnson involved the introduction of prior convictions under M.R.E. 609 for general impeachment purposes. Those cases did not involve the situation where a prior conviction was introduced *505 to impeach specific false statements made by the defendant.
In the case sub judice, Johnson's prior conviction not was offered pursuant to M.R.E. 609, but rather as normal impeachment. Johnson opened the door for the introduction of this evidence. M.R.E. 105 requires the affected party to request a limiting instruction. Johnson failed to request the limiting instruction. Consequently, there was no reversible error where the trial court failed to offer a limiting instruction sua sponte.
There is no need to address the prosecution's contention that the evidence was also admissible under M.R.E. 404 because we find that Johnson opened the door at trial for admission of his prior conviction, and that the prosecution did not exceed its allowable scope of cross-examination. As a result, the defendant's conviction and sentence are hereby affirmed.
CONVICTION OF DISTRIBUTION OF A CONTROLLED SUBSTANCE AND SENTENCE OF TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCE IS TO RUN CONSECUTIVELY WITH PRIOR SENTENCE IN JACKSON COUNTY CAUSE NO. 88-10099(2).
PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
PRATHER, P.J., dissents with separate written opinion joined by DAN M. LEE, C.J., and SULLIVAN, P.J.
MILLS, J., not participating.
PRATHER, Presiding Justice, dissenting:
Deric Johnson was convicted of distribution of cocaine and sentenced to ten years in the custody of the Mississippi Department of Corrections. Prior to his trial, the circuit judge overruled Johnson's motion in limine to exclude evidence of his prior conviction. The judge noted that if Johnson took the stand and the State thereafter wished to question him regarding his prior conviction, a determination of admissibility would then be made, outside the presence of the jury. At trial, Johnson testified in his own behalf; the State presented evidence, over Johnson's objections, of his prior conviction.
Johnson subsequently perfected an appeal to this Court, requesting review of the following issues inter alia:
A. Whether the trial court erred in admitting evidence of Johnson's prior conviction after failing to follow the proper analysis under Rule 609 of the Mississippi Rules of Evidence.
B. Whether the trial court erred in failing to require the State to make a prima facie showing of the probative value of Johnson's prior conviction.
In my opinion, Johnson's issues requires reversal and remand; therefore, I dissent.

II. ANALYSIS
As Johnson's prior conviction of distribution of cocaine is not in the nature of crimen falsi, it has no intrinsic probative value and is not mandatorily admissible pursuant to M.R.E. 609(a)(2). Pursuant to M.R.E. 609(a)(1), a prima facie showing "that the conduct giving rise to the prior conviction ... bears upon the witness' propensity for truthfulness" is necessary before the prior conviction may be admitted to impeach. Tillman v. State, 606 So.2d 1103, 1107 (Miss. 1992). Put otherwise, for a prior conviction to be admissible it must be relevant to the defendant's credibility as a witness. Johnston v. State, 618 So.2d 90, 93-94 (Miss. 1993), citing McInnis v. State, 527 So.2d 84, 89 (Miss. 1988). The majority opinion acknowledges this failure. Maj. op. at page 502.
Once the State has met its threshold burden of establishing prima facie that the defendant's prior conviction is relevant to his propensity for truthfulness, the trial court must make an on-the-record determination that this probative value outweighs the prejudicial effect of the prior conviction. M.R.E. 609(a)(1), Comment; Tillman v. State, 606 So.2d at 1107; Johnson v. Fargo, 604 So.2d 306, 310 (Miss. 1992); McInnis v. State, 527 So.2d 84 (Miss. 1988); Peterson v. State, 518 So.2d 632 (Miss. 1987). This entails an on-the-record balancing of the five Peterson factors: (1) impeachment value of the prior *506 offense; (2) date of the prior conviction; (3) similarity between the past and presently charged offenses; (4) importance of defendant's testimony; and (5) whether credibility is central. Townsend v. State, 605 So.2d 767, 770 (Miss. 1992), citing Pugh v. State, 584 So.2d 781, 785 (Miss. 1991); McGee v. State, 569 So.2d 1191, 1195 (Miss. 1990); McInnis v. State, 527 So.2d 84 (Miss. 1988); Johnson v. State, 525 So.2d 809 (Miss. 1988); Peterson v. State, 518 So.2d 632 (Miss. 1987).
The State made no attempt to establish that the conduct giving rise to Johnson's prior conviction was relevant to his general propensity for truthfulness. Without this prima facie showing of probative value, there is nothing for the trial court to balance against the ever-present prejudicial effect of a prior conviction. Tillman, 606 So.2d at 1107, citing McInnis, 527 So.2d at 88. See also Johnson, 604 So.2d at 310; Jordan v. State, 592 So.2d 522, 524 (Miss. 1991). The trial court in the case sub judice employed no on-the-record balancing of prejudicial versus probative value, nor could it have, as the State failed to show any probative value of Johnson's prior conviction in the first instance. The trial court merely stated that Johnson's truthfulness was at issue and that issue outweighs any prejudice of the prior conviction. It follows that evidence of Johnson's prior conviction could not have been properly admitted pursuant to M.R.E. 609(a)(1).
The trial court's admission of evidence of Johnson's prior conviction, without following the proper analysis pursuant to M.R.E. 609(a)(1), was reversible error. Accordingly, Johnson's conviction and sentence should be reversed and the case remanded to the trial court for retrial. Therefore, I dissent.
DAN M. LEE, C.J., and SULLIVAN, P.J., join this opinion.
NOTES
[1] Johnson had been arrested on October 7, 1987, on a charge of cocaine distribution. He was convicted of this charge before the trial of the instant case. Agent Cotton was the main prosecution witness in that trial.