74 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Damon SYKES, Defendant-Appellant.
 No. 94-10564.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1996.
Decided Jan. 22, 1996.
 
 1
 Before: SCHROEDER and TROTT, Circuit Judges, and REED,* District Judge.
 
 
 2
 MEMORANDUM**
 
 BACKGROUND
 
 3
 Damon Sykes appeals from a jury verdict finding him guilty of one count of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d). Sykes argues that the district court erred by allowing the prosecution to impeach him with evidence of his earlier felony burglary conviction. Specifically, the district court's in limine ruling allowed the prosecution to ask on cross examination: "Mr. Sykes, didn't you have a felony conviction in 1985 for burglary?" Sykes answered "yes" to the prosecution's question. Sykes further argues that the district court erred by failing to give, sua sponte, a limiting instruction governing the jury's use of his burglary conviction.
 
 
 4
 As an initial matter, the government contends that by admitting he was in the penitentiary, Sykes waived his right to protest the admission of his prior conviction on appeal. In United States v. Williams, 939 F.2d 721, 725 (9th Cir.1991), the court held that a defendant waives his right to appeal a prior conviction if defendant introduces the fact of the prior conviction into evidence. Sykes, however, did not introduce the "fact of the prior conviction" into evidence.
 
 
 5
 Evidence of Sykes' burglary conviction was admitted under Federal Rule of Evidence 609(a)(1), which requires the district court, before admitting any evidence of the conviction, to determine that the probative value of the conviction outweighs its prejudicial effect.
 
 
 6
 This court reviews the district court's decision to admit Sykes' prior conviction for abuse of discretion. United States v. Alexander, 48 F.2d 1477, 1488 (9th Cir.1995). In deciding whether a prior conviction is admissible, five factors are relevant. Id. at 1488.
 
 
 7
 The first factor is the impeachment value of the prior crime. This court has clearly stated, in United States v. Oaxaca, 569 F.2d 518, 526-27 (9th Cir.1978), that burglary reflects "adversely on defendant's honesty and integrity."
 
 
 8
 Sykes argues that because he admitted on direct that he had been incarcerated, the conviction had minimal additional impeachment value. Yet knowing that Sykes was a burglar provided materially more information to the jury than simply knowing that Sykes had been incarcerated. The district court reasoned that telling the jury that Sykes was in the penitentiary for burglary would be less prejudicial than allowing the jury to speculate about why Sykes had been incarcerated.
 
 
 9
 The second factor is the time of the prior conviction and the defendant's subsequent history. Alexander, 48 F.3d at 1488. The nine year staleness of Sykes' burglary conviction is at least partially offset by Sykes' subsequent history of a misdemeanor burglary and felony possession of a firearm conviction in 1992.
 
 
 10
 The third factor is the similarity between the past crime and the charged crime. Alexander, 48 F.3d at 1488. Burglary and robbery are fairly similar crimes, as both involve theft. Although this factor weighs against admissibility, it is not dispositive. Id. (even identical prior crime may be admissible, if, considering all five factors, balance weighs in favor of admissibility).
 
 
 11
 The fourth and fifth factors include the importance of defendant's testimony and the centrality of defendant's credibility. Id. Credibility in this case was key.
 
 
 12
 The district court did not abuse its discretion in admitting the conviction as impeachment.
 
 
 13
 The only question remaining is whether the district court's failure to give a sua sponte limiting instruction on the jury's use of the prior conviction constituted plain error. This circuit has never held that a court has a duty to give a limiting instruction sua sponte. The Fifth Circuit has held that such a duty ensues when defendant is impeached by a conviction for the same offense for which he is being tried. United States v. Diaz, 585 F.2d 116 (5th Cir.1978). See also United States v. Bagley, 772 F.2d 482 (9th Cir.1985), on which appellant relies in a different context, stressing the extreme prejudicial potential of impeachment with the identical crime for which the defendant is being tried. In this case the two offenses are not the same.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Honorable Edward C. Reed, Jr., Senior United States District Court Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3