# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-KA-01150-SCT

*JEREMIAH OATIS ROBINSON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/25/96 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT M. RYAN |
| | THOMAS M. FORTNER |
| | ANDRE' DEGRUY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  SCOTT STUART |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 3/25/1999 |
| MOTION FOR REHEARING FILED: | 4/22/99 |
| MANDATE ISSUED: | 6/3/99 |

**EN BANC.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

### PART ONE

### I. <u>STATEMENT OF THE CASE</u>

¶1. Appellant Jeremiah Otis Robinson was tried and convicted in the Circuit Court of Hinds County, First Judicial District, for uttering a forgery. As a result, Robinson was sentenced to fifteen years in prison, with three years suspended. His motion for judgment notwithstanding the verdict (JNOV), or, in the alternative, a new trial, was denied. Robinson appeals and raises the following issues for consideration by this Court:

**A. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ALLOWING, OVER DEFENSE OBJECTION, EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS OF THE DEFENDANT IN VIOLATION OF RULES 403 AND 404(b), M.R.E., AND FURTHER, ERRED IN FAILING TO CHARGE THE TRIAL JURY *SUA SPONTE* WITH A LIMITING INSTRUCTION CONCERNING THE ADMISSION OF SUCH EVIDENCE?**

**B. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ALLOWING EVIDENCE OF ROBINSON'S PRIOR CONVICTIONS INVOLVING CRIMES OF DISHONESTY WITHOUT CHARGING THE TRIAL JURY WITH AN ACCOMPANYING LIMITING INSTRUCTION AS TO HOW TO TREAT SUCH EVIDENCE?**

¶2. This Court finds that the issues raised by the appellant have merit. Accordingly, the judgment below is reversed, and this case is remanded for a new trial to be conducted in a manner consistent with this opinion.

## II. LEGAL ANALYSIS

**A. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ALLOWING, OVER DEFENSE OBJECTION, EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS OF THE DEFENDANT IN VIOLATION OF RULES 403 AND 404(b), M.R.E., AND FURTHER, ERRED IN FAILING TO CHARGE THE TRIAL JURY *SUA SPONTE* WITH A LIMITING INSTRUCTION CONCERNING THE ADMISSION OF SUCH EVIDENCE?**

¶3. During the State's direct examination, an officer testified that, when he investigated the forgery case *sub judice*, Robinson was "in jail on unrelated charges." Defense counsel objected and unsuccessfully moved for a mistrial. Robinson first contends that the trial judge should have weighed the probative value of this prior crime, wrong, or act against its potential prejudice, and cites M.R.E. 403 and 404 (b).[1] In addition, Robinson argues that, upon the admission of this disputed evidence, the jury should have been given a cautionary or limiting instruction as to the use of the evidence. These arguments have merit.

¶4. Since the 1995 case of *Smith v. State*, this Court has required that:

> [W]herever 404(b) evidence is offered and there is an objection which is overruled, the objection shall be deemed an invocation of the right to MRE 403 balancing analysis and a limiting instruction. The court shall conduct an MRE analysis and, if the evidence passes that hurdle, give a limiting instruction unless the party objecting to the evidence objects to giving the limiting instruction.

*Knowles v. State*, 708 So. 2d 549, 557 (Miss. 1998) (*quoting* *Smith v. State*, 656 So. 2d 95, 100 (Miss.1995)). *See also* *Bounds v. State*, 688 So. 2d 1362, 1371-72 (Miss. 1997) (declining to apply the requirements of *Smith v. State*, 656 So. 2d 95, 100 (Miss. 1995), retroactively).

¶5. The case *sub judice* was tried more than a year after the *Smith* decision. Thus, when defense counsel objected to the mention of prior crimes, wrongs, or acts, the trial court should have weighed the prejudicial and probative value of that evidence. Therefore, this case must be reversed and remanded for a new trial. Moreover, should such evidence be admitted after the balancing test is performed on remand, the trial judge is required to give an appropriate limiting instruction--absent an objection from Robinson.

## PART TWO

**SULLIVAN, PRESIDING JUSTICE , FOR THE COURT:**

**B. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ALLOWING EVIDENCE OF ROBINSON'S PRIOR CONVICTIONS INVOLVING CRIMES OF DISHONESTY WITHOUT CHARGING THE TRIAL JURY WITH AN ACCOMPANYING**

**LIMITING INSTRUCTION AS TO HOW TO TREAT SUCH EVIDENCE?**

¶6. During cross-examination of Robinson, the prosecutor asked about Robinson's four previous forgery convictions. Clearly, under M.R.E. 609(a)(2),[(2)] the prior forgery convictions were automatically admissible. ***Butler v. State***, 608 So. 2d 314, 324 (Miss. 1992). Robinson concedes the admissibility of the previous forgery convictions. However, he argues that the trial judge should have issued a limiting instruction, in order to inform the jury that the prior convictions could be considered for impeachment purposes only.

¶7. The State maintains that the prior convictions were admissible both under Rule 609 and as "normal impeachment" testimony to rebut Robinson's testimony that he would not have taken the check to the bank unless he thought it was good. We disagree. Evidence of Robinson's prior forgery convictions does not rebut his testimony that he would not have carried the check *in this case* to the bank had he known it was bad. The State's incorrect characterization of the evidence of Robinson's prior convictions is exactly the type of erroneous evaluation of evidence by the jury that a limiting instruction is meant to prevent. Just because Robinson was previously convicted of forgery does not mean that the jury should assume he is guilty on the current charge.

¶8. The State relies upon ***Johnson v. State***, 666 So. 2d 499 (Miss. 1995), for the premise that Robinson was required to request a limiting instruction. However, ***Johnson*** involved evidence admitted under Rules 404(b) and 611(b), or "normal impeachment" testimony within the proper scope of cross-examination. ***Johnson***, 666 So. 2d at 503-04. We specifically held that the evidence of Johnson's prior conviction for sale of cocaine was inadmissible under Rule 609(a)(1) and (2). ***Id***. at 502-03.

> [T]he cases cited by Johnson involved the introduction of prior convictions under M.R.E. 609 for general impeachment purposes. Those cases did not involve the situation where a prior conviction was introduced to impeach specific false statements made by the defendant.
>
> In the case sub judice, Johnson's prior conviction was not offered pursuant to M.R.E. 609, but rather as normal impeachment. Johnson opened the door for the introduction of this evidence. M.R.E. 105 requires the affected party to request a limiting instruction. Johnson failed to request the limiting instruction. Consequently, there was no reversible error where the trial court failed to offer a limiting instruction sua sponte.

***Id***. at 504-05. ***Johnson*** is inapplicable in this case where the prior convictions were only admissible under Rule 609(a)(2).

¶9. There is no distinction between evidence admitted under Rule 609(a)(1) and 609(a)(2) for purposes of issuing a limiting instruction. The mere fact that a prior conviction for a crime involving dishonesty, admissible under Rule 609(a)(2), is more probative for purposes of attacking a witness's credibility than other crimes does not mean that the danger of a jury placing undue emphasis on that prior conviction is somehow lessened, particularly in a case such as this where the prior convictions are for the same charge as the one currently at issue. Before a trial judge may admit evidence of a prior conviction under Rule 609(a)(1), he must weigh its probative value against its prejudicial effect. M.R.E. 609(a)(1). Because prior convictions involving dishonesty, such as forgery, are so much more probative in this area, no weighing process is required; Rule 609(a)(2) convictions are automatically admissible. M.R.E. 609(a)(2). Rule 609 divides prior convictions into the two categories for purposes of admissibility, not for purposes of deciding

whether to issue a limiting instruction. We have not previously recognized any such exception requiring the defendant to request a limiting instruction for Rule 609(a)(2) evidence and do not do so now.

¶10. In *Pugh v. State*, 584 So. 2d 781 (Miss. 1991), we addressed the necessity of a limiting instruction where evidence of the defendant's prior convictions for the same offense charged in the current case are admitted for impeachment purposes:

> Appropriate authority includes *U.S. v. Diaz*, 585 F.2d 116 (5th Cir.1978) which involved a drug prosecution where the state impeached the defendant with two prior drug convictions. *Diaz*, 585 F.2d at 117. Neither the government nor the defense offered a limiting instruction and the sole issue presented on appeal was whether the trial judge committed reversible error in failing to sua sponte give an instruction. *Id*. The Fifth Circuit held as follows:

> [W]hen, during a jury trial, evidence is introduced that the defendant has a prior conviction for the same offense for which he is being tried, both counsel and the court have a duty to minimize the risk that the jury would infer guilt on the cocaine charges from the fact of previous convictions on cocaine charges. Thus, in this situation where no cautionary instruction is given to the jury, prejudicial error has intervened.

> [W]e cannot state with assurance that the failure to give a limiting instruction sua sponte did not influence the jury or had but very slight effect on its deliberation. Accordingly, we must set aside the conviction and order a new trial.

> *Id*. at 118.

> This Court in *Peterson v. State*, 518 So.2d 632 (Miss.1987) cited *Diaz* and suggested that "the better practice is that a limiting instruction be granted by the trial judge sua sponte when proper request is not made by counsel." *Peterson*, 518 So.2d at 638. *See also Simpson v. State*, 553 So.2d 37, 39 (Miss.1989) (*citing Peterson* with approval).

*Pugh*, 584 So. 2d at 785-86. The trial judge in this case erred in failing to give a limiting instruction sua sponte to ensure that Robinson's forgery conviction was based upon the evidence related to this crime rather than Robinson's prior convictions for forgery. This error requires reversal of Robinson's conviction of forgery and remand of this case to the Hinds County Circuit Court for a new trial.

## CONCLUSION

¶11. For these reasons, we reverse the judgment of the Hinds County Circuit court, and we remand this case to that court for a new trial consistent with this opinion.

¶12. **REVERSED AND REMANDED FOR A NEW TRIAL.**

**PART I: PITTMAN, P.J., PRATHER, C.J., SULLIVAN, P.J., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR. PART II: SULLIVAN, P.J., PRATHER, C.J., BANKS, McRAE AND WALLER, JJ., CONCUR. PITTMAN, P.J., DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY SMITH AND MILLS, JJ.**

**PITTMAN, PRESIDING JUSTICE, DISSENTING AS TO PART II B:**

¶13. As to Part II B, I respectfully disagree with the majority's legal analysis; and therefore, I dissent. During cross-examination of Robinson, the prosecutor asked about Robinson's four previous forgery convictions. Clearly, under M.R.E. 609(a)(2),[(3)] the prior forgery convictions were automatically admissible. *Butler v. State*, 608 So. 2d 314, 324 (Miss. 1992). Robinson concedes the admissibility of the previous forgery convictions. However, he argues that the trial judge should have issued a limiting instruction to inform the jury that the prior convictions could be considered for impeachment purposes only.

¶14. This assertion is an inaccurate statement of the law. It is true that proof of prior offenses introduced under Rule 609(a)(1) should be accompanied by a limiting instruction. However, such proof introduced under part (a)(2) is not so entitled.

¶15. Juries should receive a limiting instruction for offenses introduced under Rule 609(a)(1) only because they are not "peculiarly probative of credibility." M.R.E. 609 cmt. Rule 609(a)(2) offenses are dealt with separately under the rule for the precise reason that they in fact are probative of credibility. When Rule 609(a)(2) is applicable, the defendant may choose one of two courses of action if he wishes to avoid a possible adverse inference drawn by the jury. First, the defendant may refuse to take the witness stand pursuant to his Fifth Amendment right to avoid self incrimination and thereby avoid the admission of proof of the Rule 609(a)(2) prior convictions. If the defendant chooses to testify, his attorney may request an instruction limiting the jury's consideration of the introduced prior convictions to only credibility purposes. *Johnson v. State,* 666 So. 2d 499, 504 (Miss. 1995).

¶16. In the case *sub judice*, the testifying witness was a defendant on trial for forgery. Because his four prior forgery convictions inherently illustrate his propensity for untruthfulness, they were properly admitted for the jury's consideration. The defendant could have avoided the jury's alleged adverse inference by simply refusing to take the stand, or requesting a limiting instruction. He chose neither option. He therefore should not be heard to complain.

**SMITH AND MILLS, JJ., JOIN THIS OPINION.**

1. M.R.E. 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." M.R.E. 404(b) states that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

2. M.R.E. 609(a)(2) states, "For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime . . . involved dishonesty or false statement, regardless of the punishment."

3. M.R.E. 609(a)(2) states, "For the purpose of attacking the credibility of a witness, evidence that he has

been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime . . . involved dishonesty or false statement, regardless of the punishment."