KEEL *v.* STATE.

(Division B.   Oct. 12, 1936.)

[170 So. 653.   No. 32279.]

R. L. Smallwood, Jr., of Oxford, for appellant.

**Webb M. Mize,** Assistant Attorney-General, for the state.

Argued orally by **R. L. Smallwood, Jr.**, for appellant, and by **Webb M. Mize**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, J. D. Keel, was convicted in the circuit court of Lafayette county for the unlawful transportation of intoxicating liquor, and sentenced to pay a fine of one hundred dollars and costs, from which this appeal is prosecuted.

Appellant, with others, was seen by a son of the sheriff, who was at that time a deputy sheriff, traveling over the highway of the county in a car containing intoxicating liquor. The deputy sheriff called his father, the sheriff, stating that the appellant was transporting intoxicating liquor and was proceeding toward Oxford, and that if the sheriff would act promptly he would be able to apprehend and arrest the appellant. On receiving this information, the sheriff reported the facts to a justice of the peace and requested the issuance of a search warrant stating that he would make oath to the facts, and instructed the justice of the peace to deliver the warrant to another son who had the same initials as the sheriff, except that he used the word "Jr." after his name. The warrant was issued as requested, and this son signed the affidavit leaving off the word "Jr." to his signature, and then took it to his father, who had gone on the highway between Oxford and Byhalia in Lafayette county. Accompanied by deputies, the sheriff then went north of Oxford, and stationed the depu-

ties up and down the highway in order to apprehend the appellant.

The appellant came along, was hailed by the deputies, refused to stop, and the deputies fired at him, but did not succeed in stopping him. When he came within range of the sheriff, upon failing to stop him, the sheriff fired, puncturing a casing, which caused the appellant's car to stop within a half mile. The sheriff pursued, came upon the car, made a search, and found intoxicating liquor therein. The appellant said the car and liquor were his, and that the others in the car had nothing to do with the liquor. The sheriff arrested the appellant and made affidavit against him for a violation of the law.

The court held that the search warrant thus issued was void, and excluded the affidavit, the warrant, and the sheriff's return from the evidence, but held that if the sheriff was acting upon probable cause, he was authorized to make the seizure of the liquor and to arrest the appellant.

The son who communicated to the sheriff the information was not introduced as a witness by either the state or the appellant. This statement by the son, who was a deputy sheriff, to his father, the sheriff, was positive, and constituted a statement of fact as within the son's knowledge. The sheriff testified that he believed the facts communicated to him; that his son was a credible person, and that he acted upon the information communicated to him.

The appellant contends that the testimony of the officers as to the liquor found in the automobile should have been excluded by the lower court for the reason that the officers had, in their possession, a search warrant which was void, and that when a sheriff procures a void search warrant, he must be limited in his action to such search warrant, and that a sheriff cannot act upon information when the search warrant he has procured is

void. It is stated in the argument that this point has not been decided by this court, but that a sheriff cannot act upon a search warrant which he has procured, and also upon probable cause within his knowledge, or information received from credible sources, at one and the same time. We think this contention is unsound. If the search warrant procured, for any reason, is void, it has no legal existence, and the sheriff is remitted to his information constituting probable cause.

Appellant seems to base his argument upon the case of Mai v. State, 152 Miss. 225, 119 So. 177, in which it was held that as between the state and defendant, a judicial finding of an officer issuing a warrant, of the existence of probable cause therefor is conclusive, and cannot be inquired into by the defendant upon his trial. We fail to see that this holding precludes the officer's acting upon information which he had at the time of making the affidavit. The issuance of a void search warrant amounts to nothing, is waste paper, but that does not destroy the probable cause the officer had at the time, or the probable cause which came to his knowledge after the issuance of the search warrant. It is probable cause that authorizes a sheriff to seize a car without a search warrant, and if this cause exists, the fact that he had a void warrant would not affect his right to act upon information constituting probable cause.

Consequently, it was permissible to receive the testimony of the sheriff as to the facts constituting probable cause, and the evidence of the officers as to what was found by the search and seizure.

We find no reversible error in the case, and the judgment of the court below will be affirmed.

Affirmed.