656 So.2d 95 (1995)
Charles E. SMITH
v.
STATE of Mississippi.
No. 91-KA-00595-SCT.
Supreme Court of Mississippi.
May 11, 1995.
*97 George Dunbar Prewitt, Jr., Greenville, for appellant.
Michael C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
BANKS, Justice, for the Court:
In this crack cocaine case we are compelled to consider the proper handling and import of evidence of prior sales admitted for the purpose of showing intent to distribute. We conclude that such evidence is admissible for the purpose described if the trial court concludes that, under the circumstances, its probative value outweighs its prejudicial effect. A limiting instruction should and, if sought, must be given. We also conclude that such evidence, without more on the issue of intent, is insufficient to support a conviction for the offense of possession with intent. We, therefore, reverse and remand for sentencing on the offense of possession of cocaine.

I.
On January 3, 1991, Charles E. Smith was arrested during a large-scale "round-up" culminating several months of drug investigations by law enforcement officers in Greenville, Mississippi. The officers had a warrant for Smith's arrest stemming from two sales of cocaine to an undercover policeman in 1989. Incident to his arrest, Smith was searched and found to be in possession of a vial containing sixteen pieces of what appeared to be crack cocaine. He was subsequently charged with possession of cocaine with intent to distribute, in violation of Miss. Code Ann. § 41-29-139 (Supp. 1992).
Prior to his trial, Smith argued that he was unlawfully searched and unsuccessfully sought to have the evidence suppressed. After a verdict of guilty, the judge fined Smith $50,000.00 and sentenced him to thirty years in prison. The lower court also revoked Smith's probation on a five year sentence relating to a previous crime, and ordered that the two sentences run consecutively. Smith appealed his conviction and sentence to this Court, asserting the following as error:
1. THE LOWER COURT ERRED IN ADMITTING, OVER OBJECTION, EVIDENCE OF OTHER CRIMES THAT WERE REMOTE IN TIME ON THE ISSUE OF INTENT.
2. THE LOWER COURT ERRED IN ALLOWING THE PROSECUTION TO SUBMIT A LESSER INCLUDED INSTRUCTION ON THE ISSUE OF POSSESSION.
3. THE LOWER COURT ERRED IN NOT GIVING, SUA SPONTE, A LIMITING INSTRUCTION ON THE PURPOSE FOR WHICH THE OTHER CRIMES EVIDENCE WAS ADMITTED.
4. THE LOWER COURT ERRED IN NOT SUPPRESSING THE EVIDENCE GAINED PURSUANT TO A DEFECTIVE SEARCH WARRANT AND ON THE BASIS OF PRETEXT.
5. THE LOWER COURT ERRED IN UNCONDITIONALLY ADMITTING THE EVIDENCE OF OTHER CRIMES WITHOUT REQUIRING THE STATE TO PROVE, AT SOME POINT, THE EXISTENCE OF THE COCAINE IN THE REMOTE CRIMES.
6. THE LOWER COURT ERRED IN NOT GIVING NOTICE OF ITS INTENT TO REVOKE THE PAROLE OF THE APPELLANT AT THE SENTENCING HEARING.
7. THE LOWER COURT ERRED IN ALLOWING THE STATE TO STATE, IN CLOSING ARGUMENT, THAT THE JURY COULD FIND THE APPELLANT NOT GUILTY AND PUT DRUGS BACK ON THE STREETS.
8. THE LOWER COURT ERRED IN REFUSING A CIRCUMSTANTIAL EVIDENCE INSTRUCTION AND AN INSTRUCTION THAT STATED THAT IF THE AMOUNT OF COCAINE AND OTHER EVIDENCE RAISED THE POSSIBILITY THAT THE CONTRABAND COULD HAVE BEEN FOR PERSONAL USE, THEN *98 THE STATE HAD FAILED TO PROVE ITS CASE BEYOND A REASONABLE DOUBT.
9. THE LOWER COURT ERRED IN DENYING A DIRECTED VERDICT AND PEREMPTORY INSTRUCTION.
10. THE LOWER COURT ERRED IN REFUSING AN IDENTIFICATION INSTRUCTION.
11. THE STATE FAILED TO PROVE IDENTIFICATION BEYOND A REASONABLE DOUBT.
12. THE STATE FAILED TO PROVE THAT THE SUBSTANCE INTRODUCED AT TRIAL WAS COCAINE.

II.
At trial, the State offered evidence of prior acts committed by Smith for the asserted reason of establishing his intent to distribute. Specifically, during direct examination of Herbert Partlow, a police officer, the following exchange took place, over a timely defense objection:
Q. Have you ever seen the defendant sell drugs?
A. Yes, I have.
Q. On how many occasions?
A. Twice.
Q. In what year?
A. '89  1989.
Q. You were physically present?
A. Right.
Q. Who did he sell them to?
A. To me.
Q. And in what capacity were you working in at the time he sold them to you?
A. I was working in UC  undercover capacity.
Q. Did the defendant know you were an undercover officer for the Special Operations Unit at the time?
A. No, he didn't.
The trial court admitted the testimony under the M.R.E. 404(b) exception for prior acts offered to show "intent." The trial judge further balanced the probity of the evidence against its prejudicial effect under M.R.E. 403 and concluded that admission was proper.
On appeal, Smith argues that this testimony was inadmissible because it dealt with events that did not occur at or about the time of trial and because it was offered to impermissibly prove a "propensity" to sell. The State counters by asserting that the evidence was offered to show intent to sell rather than propensity.

a.
"The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." Johnston v. State, 567 So.2d 237, 238 (Miss. 1990); citing Hentz v. State, 542 So.2d 914, 917 (Miss. 1989); Monk v. State, 532 So.2d 592, 599 (Miss. 1988). Unless the trial judge's discretion is so abused as to be prejudicial to the accused, this Court will not reverse his ruling. Shearer v. State, 423 So.2d 824, 826 (Miss. 1983), citing Page v. State, 295 So.2d 279 (Miss. 1974). The discretion of the trial judge must be exercised within the boundaries of the Mississippi Rules of Evidence. Johnston, 567 So.2d at 238.
Parker v. State, 606 So.2d 1132, 1136 (Miss. 1992).

b.
The admissibility of evidence related to prior acts is governed, in part, by Rule 404(b) of the Mississippi Rules of Evidence, which provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
M.R.E. 404(b).
The rationale behind the Rule has been explained as follows:
The reason for the rule is to preclude the State from raising the "forbidden inferential sequence," that the accused has committed other crimes and is therefore *99 more likely to be guilty of the offense charged. Lancaster v. State, 472 So.2d 363 (Miss. 1985); Davis v. State, 377 So.2d 1076 (Miss. 1979).
Grounded in the rule's purpose are exceptions. Evidence of another offense is admissible when offered, not to show the accused's criminal tendencies, but instead to prove identity, knowledge, intent, common criminal scheme or plan, or absence of mistake.
Robinson v. State, 497 So.2d 440, 442 (Miss. 1986).
We have previously held that evidence of prior drug transactions is admissible to show predisposition when a defendant raises the defense of entrapment. See e.g., Hopson v. State, 625 So.2d 395, 402 (Miss. 1993); Sayre v. State, 533 So.2d 464 (Miss. 1988). We have not, however, definitively addressed the admissibility of prior sales to show an intent to distribute. We hold that evidence of prior acts offered to show intent to distribute is not barred by M.R.E. 404 and is properly admissible if it passes muster under M.R.E. 403 and is accompanied by a proper limiting instruction.
Our holding is in line with the great weight of authority construing the federal counterpart and genesis of Mississippi's Rule 404(b). For example, in a very similar case, the Sixth Circuit held that evidence of a prior crack cocaine sale was properly admitted as part of the prosecution's case-in-chief. United States v. Rodriguez, 882 F.2d 1059, 1064 (6th Cir.1989). In Rodriguez, the court stated:
To make out the elements of its indictment, the government was required to show that defendant possessed cocaine with the intent to distribute it. Thus, the evidence relating to the November 24, 1987, transaction was properly admitted by the district court as probative of defendant's criminal intent to distribute cocaine.
Id. at 1065; see also United States v. Davis, 15 F.3d 526 (6th Cir.1994) (evidence of Davis' 30 to 40 prior crack sales was held admissible under F.R.E. 404(b) on the issues of intent to distribute).
The ultimate resolution of this issue of course depends on the purpose for which the testimony was offered. Propensity is the only proscribed purpose. The State contends that the testimony was offered "to show the intent with which Smith possessed the cocaine found on his person at the time of his arrest." It is difficult to distinguish this purpose from the forbidden purpose. The suggestion is that if he intended to distribute before, he intended to distribute this time. The distinction, apparently embraced by the great weight of authority is that while the prior act is not accepted as evidence of the entire crime, it is accepted as evidence of a constituent element of the crime. In prior opinions, we have followed the general trend and indicated that previous involvement with drugs can be admitted on the issue of intent to distribute. See Jowers v. State, 593 So.2d 46, 47 (Miss. 1992). Given the difficulty of proving subjective intent we see no reason to categorically exclude evidence of prior sales.
Even when other-crimes evidence is admissible under M.R.E. 404(b), it must pass through the "ultimate filter" of M.R.E. 403. Jenkins v. State, 507 So.2d 89, 93 (Miss. 1987). Furthermore, the jury must be informed as to the limited purpose for which they are allowed to consider the other-crimes evidence. This cannot be accomplished if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." The trial court ruled that the probative value of two 1989 sales on the issue of Smith's intent in 1991 outweighed the unfair prejudicial effect this evidence had on his defense. Although that conclusion is somewhat dubious, we need not address the issue to resolve this appeal.

c.
The defense did not request, and the jury was not given, an instruction as to the limited purposes for which the other-crimes evidence could be considered. On appeal, Smith argues that it was error for the lower court not to grant a cautionary instruction, sua sponte. The State counters by arguing that defense attorneys should be given the option of avoiding further mention of the past acts if they so choose.
*100 In the analogous situation where prior convictions are offered to impeach under M.R.E. 609, we have suggested that a limiting instruction must be given in order to minimize the risk that the jury will infer guilt from the previous conduct. See Pugh v. State, 584 So.2d 781 (Miss. 1991); Peterson v. State, 518 So.2d 632 (Miss. 1987).
In Pugh, this Court reiterated the following language from a Fifth Circuit opinion:
[W]hen, during a jury trial, evidence is introduced that the defendant has a prior conviction for the same offense for which he is being tried, both counsel and the court have a duty to minimize the risk that the jury would infer guilt on the cocaine charges from the fact of previous convictions on cocaine charges. Thus, in this situation where no cautionary instruction is given to the jury, prejudicial error has intervened.
Pugh, 584 So.2d at 786 (quoting United States v. Diaz, 585 F.2d 116 (5th Cir.1978)). There, although reversal was predicated on a failure to utilize the Peterson factors in determining admissibility of prior convictions for impeachment, we clearly indicated that a limiting instruction should have been given sua sponte. Id.
Further evidence of this Court's commitment to full and fair jury instructions may be found in Ford v. State, 555 So.2d 691 (Miss. 1989). In Ford we stated that "under no circumstances could the jury consider evidence that an act done at one time or on one occasion as any evidence or proof whatever that a similar act was done at another time." 555 So.2d at 695. (Emphasis Added). A more recent case from this Court extolling the importance of a limiting instruction in a Rule 404(b) context is Watts v. State, 635 So.2d 1364, 1369 (Miss. 1994).
Moreover, the federal cases allowing this type of evidence under Rule 404(b) generally recognize the necessity of limiting instructions. See e.g. United States v. Davis, 15 F.3d 526 (6th Cir.1994).
No meaningful distinction exists between Rule 609 impeachment evidence and Rule 404 evidence. In fact, there is even more risk involved in the use of prior offenses used to establish such factors as intent or absence of mistake because they are more likely to be offenses similar to the charged offense, and, therefore, much more susceptible to abuse. Accordingly, the same duty to insure that a cautionary instruction is submitted to the jury devolves upon counsel and the court.
Nevertheless, we must be mindful of our rules. We have promulgated M.R.E. 105 which clearly contemplates that restrictive instructions be given upon request and as the Comment acknowledges, that in the absence of a request, there is no error. M.R.E. 105 and Comment. We are loath to reverse for plain error in the face of a rule so clear. We say for the future, however, that wherever 404(b) evidence is offered and there is an objection which is overruled, the objection shall be deemed an invocation of the right to MRE 403 balancing analysis and a limiting instruction. The court shall conduct an MRE analysis and, if the evidence passes that hurdle, give a limiting instruction unless the party objecting to the evidence objects to giving the limiting instruction.

d.
The remaining question in this regard is whether the evidence is sufficient to sustain a conviction of possession with intent to distribute where the only evidence of intent to distribute is evidence of past sales. We think not. We conclude that while past drug activity is admissible on this question, past sales alone is an insufficient evidentiary basis for the conclusion that present possession is with the intent to distribute. To do otherwise would be truly to convict on the basis of a propensity.
In the instant case, Smith's possession of cocaine was unremarkable in either quantity or circumstance. The amount involved was no more than could be expected for personal use. The amount of cash that he had on his person, $93.00, was not significant. No tools of the trade of narcotics activity were found. Instead, what was found on him was a pipe for smoking crack cocaine, indicative of personal use. He had not offered the substance for sale nor was he shown to have been involved in sales within any reasonable temporal proximity to the *101 arrest in question. We are mindful of a modus operandi in the streets of keeping small amounts for sale for a number of reasons, including that of a desire to reduce evidence of true intent. Nevertheless, we cannot make assumptions in lieu of that evidence. Nor can we substitute a propensity for evidence. We continue to reject conviction on mere suspicion. Jowers v. State, 593 So.2d 46 (Miss. 1992); Stringer v. State, 557 So.2d 796, 797-798 (Miss. 1990); Bryant v. State, 427 So.2d 131 (Miss. 1983). We reverse and render conviction for possession with intent to distribute.

III.
Smith also argues that he was illegally searched because his arrest was "pretextual." His assertion is that the Greenville authorities obtained and executed a warrant for his arrest as a pretext for searching him for drugs.
Two older cases from this Court support the proposition that a pretextual arrest cannot provide the basis for a lawful search. Barrett v. State, 219 So.2d 163 (Miss. 1969); Smith v. State, 240 Miss. 738, 128 So.2d 857 (1961). Neither of these cases involved the execution of a valid arrest warrant. The Smith court acknowledged that:
[t]he search of a prisoner, as a part of and incident to an arrest, is in a different legal category from the constitutional prohibition against a search for contraband and evidence, with a search warrant. The search must nevertheless be a "reasonable search" and the arrest must be on "probable cause", or with a warrant. Patenotte v. U.S. [266 F.2d 647 (5th Cir. 1959)], supra. It is the common law duty of the officer after having legally arrested a defendant to search his person, and the surroundings of the prisoner. 4 Am.Jur., Arrest, Sec. 68 p. 47; Harris v. State, 216 Miss. 895, 63 So.2d 396 [(1953)]; Keel v. State, 176 Miss. 867, 169 So. 653 [(1936)]. But an arrest may not be used as a pretext to search for evidence.
Smith v. State, 240 Miss. at 742, 128 So.2d at 859.
In a very similar case, the Fifth Circuit took the following position with respect to searches incident to an arrest with a warrant:
The correct rule is that, while a showing of objectively reasonable good faith on the part of police officers will ordinarily redeem honest errors and prevent the application of the exclusionary rule, in a case where the officers have taken no action except what the law objectively allows, their subjective motives in doing so are not even relevant to the suppression inquiry. And the reason lies in the purpose of that rule: to deter unlawful actions by police. Where nothing has been done that is objectively unlawful, the exclusionary rule has no application and the intent with which they acted is of no consequence.
United States v. Causey, 834 F.2d 1179, 1185 (5th Cir.1987) (en banc).
In a footnote, the Court further addressed Causey's contention that his Fourth Amendment rights had been violated:
Causey had, long before the police apprehended him, forfeited his right to be free from arrest. He was already the object of an arrest warrant; he had been subject to arrest at all times since its issuance; and he can scarcely complain that the police finally got round to executing a valid warrant.
Id.
In Causey, unlike the present case, there was no question that police officers executed the outstanding warrant for the single purpose of questioning Causey about a separate crime. Nonetheless, the Court found no constitutional violation. Here Smith offers no evidence that his arrest was pretextual other than asserting that the police could have easily arrested him at his home rather than a club frequented by drug users and sellers. Therefore, although we favor the logic in Causey, Smith could not prevail even if we were to accept the questionable proposition that an arrest with a warrant can be pretextual. He simply has not shown that his arrest was in fact pretextual. Accordingly, this assignment of error is without merit.

*102 IV.

Smith also argues that the arrest warrant was defective for failure to mention bail or a return date. This argument is patently meritless under the clear language of the rule he cites in his support. See Rule 1.01 Mississippi Uniform Criminal Rules of Circuit Court Practice ("No arrest shall be dismissed nor shall any person in custody be discharged because of any defect as to form in the warrant... .") Smith cites a case interpreting a superseded statute governing search warrants for intoxicating liquors that lacks the saving language included in Rule 1.01. Clearly, Powell v. State, 146 Miss. 677, 111 So. 738 (1927), is not controlling or even relevant to the issue raised in this case.
After careful review of the record, the Court is of the opinion that the remainder of the issues raised by Smith lack merit and do not warrant discussion.

V.
For the foregoing reasons, the conviction for possession with intent to distribute is reversed and this matter is remanded to the trial court for imposition of a sentence on the charge of possession of cocaine.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
McRAE, J., concurs in result only.
PITTMAN, J., not participating.