¶ 57. Because I believe that the representation received by the defendant was ineffective, I dissent.
¶ 58. Swington was represented by counsel not yet admitted to practice a full year. *Page 1120 
A number of clear errors were made, and the record as a whole bespeaks ineffective assistance. The majority excuses that ineffectiveness on grounds that the objections which Swington asserts should have made were not well taken. I disagree.
 I.
¶ 59. For example, I do not agree that admission of the prior conviction would pass muster under M.R.E. 403 or 404(b). Nevertheless, counsel waived the issue by bringing it up herself in opening argument and then by further opening the door on direct examination of her client, apparently intending to defend against both the earlier conviction and the current charge. Finally, she stood silently while the court and the prosecution attorney discussed the admissibility of the evidence.
¶ 60. M.R.E. 404(b) allows the admissibility of prior convictions as proof of, among other things, intent. That evidence must, however, also pass through the filter of Rule 403, which excludes evidence if its probative value is substantially outweighed by unfair prejudice. M.R.E. 403. In my view, Swington's 1990 conviction for the sale of cocaine is not admissible as proof of intent for the alleged 1997 possession. The majority relies on Smith v. State, 656 So.2d 95 (Miss. 1995), for the proposition that the prior conviction in the present case was properly admitted. In Smith, however, this Court questioned the ruling of the trial court that convictions two years prior to the incident in question outweighed any prejudicial effect. Smith, 656 So.2d at 99. The Court deemed the conclusion was "somewhat dubious." Id. We did not conclude that the admission of the prior conviction in that instance was without error, but rather, chose not to address the issue on appeal because we reversed and rendered the conviction as to possession. We concluded that even if the prior conviction were admissible it was insufficient standing alone to allow a fair-minded jury to find the requisite intent. Id. at 100.
¶ 61. Contrary to the majority, I do not believe that the conviction here in question, seven years prior, is of sufficient probative value to overcome its prejudicial effect. In my view, but for the failure of Swington's counsel to object, the prior conviction was improperly admitted and was reversible error. See Townsend v. State, 681 So.2d 497, 505-07 (Miss. 1996) ; Ballenger v . State, 667 So.2d 1242, 1256-57 (Miss. 1995).
¶ 62. The trial court in this instance barely went through the motions of a Rule 403 weighing process. Relying in part upon the waiver which he found to have been made in opening statement and the fact that on direct examination counsel had elicited a catch-all statement from Swington that he had never sold cocaine, the trial court simply opined that seven years was not too remote. None of the Peterson factors were discussed. Peterson v. State,518 So.2d 632 (Miss. 1987). These factors include the impeachment value of the prior crime; the point in time of the conviction and the witness' subsequent history; the similarity between the past crimes and the charged crime; the importance of the defendant's testimony and the centrality of the credibility issue. See Peterson, 518 So.2d at 637. This is so, even though the trial court also opined that the evidence was admissible under M.R.E. 608.
¶ 63. The fact is that seven years is too remote for the use of evidence as prejudicial as a similar occurrence on the issue of intent. See People v. Formato, 143 N.Y.S.2d 205, 214-16 (N Y App. Div. 1955), Aff'd Mem., 132 N.W.2d 894 (N.Y. 1956); Plante v. State, 692 S.W.2d 487, 495 (Tex.Crim. App. 1985). Additionally, the similarity between this conviction and the conduct charged is sufficient to deny its admission under Rule 608.
 II.
¶ 64. It follows that the ineffective assistance of counsel claim must be examined more closely. Clearly, counsel should have *Page 1121 
secured a ruling on the admissibility of the prior offense before wading off into it on her own. A correct ruling would have precluded that evidence in my view. The majority also excuses counsel's failure to handle properly the newly disclosed evidence, partially, because, in its view the prior conviction evidence was at least permissible in aid of the conclusion that there was possession with intent.
¶ 65. Of course, any inference that may be read into the majority opinion, where it examines the effect of the admission of the other prior sale in this case with respect to ineffective assistance of counsel, that the prior conviction is sufficient standing alone is directly contrary to our holding in Smith v. State. Maj. Op. ante p. 14. A prior conviction is not sufficient proof of intent standing alone to warrant conviction. Smith v. State, 656 So.2d at 100-01. I agree with the majority, however, that Reed's testimony and the circumstances under which Swington was found with the substance were sufficient evidence for conviction. More important, given our standard of review, is the question whether the testimony concerning the prior sale was such as to have a significant impact upon the verdict of the jury. In other words, the error was harmless if at all, not because other evidence was sufficient, but because, in light of the other evidence, when compared to the weight and potential for unfair prejudice of the questionable evidence, we can say beyond a reasonable doubt that the use of the questionable evidence did not make a difference. See Clemons v. State, 593 So.2d 1004, 1006-07 (Miss. 1992); Holmes v. State, 537 So.2d 882, 884 (Miss. 1988). It follows that counsel was not constitutionally deficient for the failure to have sought a continuance on this account.
¶ 66. While the failure to follow the guidelines first announced in Box v. State, 437 So.2d 19-22 (Miss. 1983) (Robertson, J., specially concurring), may not have been sufficient standing alone, after all, it was only more testimony from the same addicted witness, that transgression together with the handling of the prior conviction leads to the conclusion that counsel's performance overall was constitutionally defective to the point that we cannot say with confidence that the same result would have obtained but for counsel's ineffectiveness. There were other failings, none of which would lead to reversal individually, but which collectively demonstrate overall ineffectiveness.[1]
¶ 67. I would reverse this conviction for ineffective assistance of counsel and remand for a new trial. See Stewart v. State,229 So.2d 53, 56-57 (Miss. 1969).
 SULLIVAN, P.J., AND McRAE, J., JOIN THIS OPINION.
[1] Counsel failed to engage Reed in any meaningful cross-examination nor did she request that an accomplice instruction be submitted to the jury to review Reed's testimony with caution and suspicion. Counsel also failed to impeach Reed as to his drug use during the time of the sale or his subsequent usage, allowed the door to be opened as to evidence of the prior conviction herself, and failed to make numerous necessary objections.