THOMAS, J.,
concurring in part, dissenting in part:
¶ 51. I concur with almost all of the excellent opinion authored by Judge Irving and certainly agree to affirm. I write separately because I take issue with the majority’s treatment of issue number two, the failure to give limiting instructions regarding Rule 404(b) evidence.
¶ 52. As the majority correctly points out, when the trial judge decided to admit the 404(b) evidence, he advised defense counsel that he would give a limiting instruction if the defense submitted one. The defense did not. I do not now see how defense counsel can complain when offered the opportunity to have the jury instructed, he fails to take advantage of the same. I see no error under these circumstances.
¶ 53. I believe Smith v. State, 656 So.2d 95, 100 (Miss.1995) to be bad law in any event. The rule before Smith was that if you wanted a limiting instruction you had to ask for it. As a trial judge for twelve years, I saw that the former rule worked well because in the overwhelming majority of cases, trial counsel did not want the limiting instruction because all it would do would be to remind the jury of the prior bad acts and serve to highlight the same.
BRIDGES and PAYNE, JJ., join this separate written opinion.