MOORE, J.,
for the Court:
111. Frank James Westbrook was convicted on two counts of the sale of less than one ounce of marijuana by the Carroll County Circuit Court and sentenced to consecutive four year sentences on each count. On appeal Westbrook raises the following issues: (1) the trial court restricted cross-examination of one of the State’s witnesses; (2) the trial court erred in admitting evidence of other bad acts or crimes; and (3) the trial court erred by not sua sponte giving a limiting instruction regarding the appropriate use of other bad acts evidence. Finding no error, we affirm.
FACTS
¶2. Frank Westbrook was driving by the Carroll County jail when a trastee inmate, Johnny Donley, flagged him down. Donley gave Westbrook ten dollars and asked him to “purchase a dime bag of weed.” Donley told Allen Reid, also a trustee prisoner, ■ about the impending transaction. Reid informed a deputy sheriff about the transaction between Donley and Westbrook. Two deputies then set up a sting operation whereby they supplied Reid with a twenty dollar bill and asked him to purchase marijuana from West-brook. Before giving Reid the twenty dollar bill, the deputies photocopied it for later identification purposes.
¶ 3. Westbrook arrived at the jail later that afternoon to deliver the marijuana to Donley. Westbrook handed Donley some marijuana wrapped in a white paper towel. Reid then approached Westbrook’s vehicle and purchased some marijuana from West-brook with the money supplied by the deputies. Westbrook took the marijuana he sold to Reid from a larger bag of marijuana located in the console of his car. Once the transfer was complete, Reid removed his hat and then put it back on. This was a prearranged signal to the deputies that the drug transfer was complete.
¶ 4. The deputies, who were monitoring the transaction from a barn located nearby, arrested Westbrook. The deputies searched Westbrook’s car and unearthed the larger bag of marijuana that was stashed in the console. They also found *1040 the twenty dollar bill which they had given to Reid in Westbrook’s car. Donley was not criminally charged, but his trustee status was removed.
LAW AND ANALYSIS
I. DID THE TRIAL COURT RESTRICT CROSS-EXAMINATION OF ONE OF THE STATE’S WITNESSES?
¶ 5. Westbrook’s attorney asked Allen Reid on cross-examination, “Why did you snitch?” After Reid answered that “[t]here was no certain reason,” West-brook’s attorney then asked: “You don’t like blacks?” The State objected to relevancy and the trial court sustained the objection and instructed the jury to disregard the question. Westbrook complains that he tried to elicit evidence of Reid’s racial prejudice to attack his credibility as allowed by M.R.E. 616. He further argues that the law allows wide open cross-examination of any matter affecting a witness’s credibility, and that the trial court wrongfully restricted his cross-examination of Reid.
¶ 6. Evidence of a witness’s bias, prejudice, or interest for or against any party is admissible to attack the witness’s credibility. M.R.E. 616. This rule is not without limitations. “The general rule of admissibility of evidence under Rule 616 is subject to the trial judge finding in his exercise of discretion under M.R.E. 104 that evidence is relevant, under M.R.E. 401 and 402, to the specific facts of the case.” Johnson v. State, 756 So.2d 4 (¶ 7) (Miss.Ct.App.1999).
¶ 7. Reid’s motive for telling the deputy about the pending drug transaction was not relevant to the issue at trial which was whether Westbrook sold marijuana to Reid and Donley. Furthermore, Reid’s credibility as a witness could not seriously have been questioned. His testimony was corroborated by Donley and the two deputies who witnessed the drug transaction. The physical evidence also corroborated Reid’s testimony. Specifically, the twenty dollar bill that Reid used to buy the marijuana was found in Westbrook’s car. Also, the deputies found marijuana, which was wrapped in a white paper towel, in Don-ley’s possession after they observed West-brook handing Donley something wrapped in white. The trial court did not abuse its discretion in disallowing questioning about Reid’s motive for informing the deputy about the impending drug transaction.
II. OTHER CRIMES EVIDENCE
¶ 8. Westbrook’s second and third issues have been consolidated under one heading for ease of discussion. Westbrook was indicted for two counts of sale of less than one ounce of marijuana. He argues that since he was not charged with possession of the large bag of marijuana, it should not have been admitted into evidence. Westbrook claims that this was evidence of other crimes, wrongs, or acts which is not admissible pursuant to M.R.E. 404(b).
¶ 9. Westbrook took the marijuana that he sold to Reid from the large bag. This is not an “other” crime, wrong, or act; it is a component of the crime for which he was charged and eventually convicted. “Where the bad conduct is so closely intertwined with the crime charged and has a direct relationship to the [crime charged], as it does here, there is no error in allowing the jury to hear it.” Bell v. State, 725 So.2d 836 (¶ 36) (Miss.1998).
¶ 10. In Weathersby v. State, 769 So.2d 857 (Miss.Ct.App.2000), we affirmed the trial court’s admission of evidence that the defendant committed two acts of sexual battery during his robbery of a business where the indictment charged the defendant for the robbery but not for the sexual battery. We held:
The theory of the law as found in Rule 404(b) that bars the jury from considering unrelated bad acts simply does not apply with the same force to bad acts that are inextricably intertwined in the criminal event being tried, and we decline to extend the concept that far.
*1041 Id. at (¶ 9). The trial court in the case sub judice did not err in allowing the evidence.
¶ 11. Westbrook further argues that even if this evidence was admissible, the trial court should have sua sponte determined whether the probative value of this evidence was outweighed by its prejudicial effect under M.R.E. 403. Further, Westbrook argues the trial court failed in its sua sponte duty to give a limiting instruction to the jury. Both of the cases Westbrook cited in support dealt with evidence of bad acts, crimes, or wrongs that had occurred in the past and were not acts which were closely intertwined with the crime charged. See McLemore v. State, 669 So.2d 19 (Miss.1996) (stating that admission of defendant’s previous forgery convictions in his trial for aggravated assault required the trial court to give a limiting instruction sua sponte); Smith v. State, 656 So.2d 95, 100 (Miss.1995) (stating that admission of testimony in a possession with intent to distribute crack cocaine trial that the witness had seen the defendant sell cocaine on two previous, unrelated, occasions required the trial judge to sua sponte perform an M.R.E. 403 balancing test and to sua sponte give a limiting instruction). We will not extend this duty to cases in which the questioned evidence is inextricably interrelated with the crime charged.
¶ 12. THE JUDGMENT OF THE CARROLL COUNTY CIRCUIT COURT OF CONVICTION OF TWO COUNTS OF SALE OF LESS THAN AN OUNCE OF MARIJUANA SECOND OR SUBSEQUENT OFFENSE, AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS ON EACH COUNT, TO RUN CONSECUTIVELY, AND WESTBROOK’S DRIVING PRIVILEGES SUSPENDED FOR SIX MONTHS IS HEREBY AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO CARROLL COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.