KING, C. J.,
for the Court.
¶ 1. Juan Pedro Pena was indicted on July 24, 2001, for two counts of selling a controlled substance — cocaine to confidential informant, Dennis Castillo. The two incidents took place March 6, 2000, and April 2, 2000. On October 19, 2004, Pena was tried and convicted for the April 2, 2000 sale. Pena was then sentenced to twelve years in the custody of the Department of Corrections. Aggrieved by his conviction, Pena has appealed the judgment of the Oktibbeha County Circuit Court.
FACTS
¶ 2. On the evening of April 2, 2000, Castillo was equipped with a wireless recording device, given $580, and sent to Pena’s home to purchase cocaine. The activities of Castillo were captured on audio and video, and played during the trial. All of the audio is in Spanish. The recording showed a substance in Pena’s hand that Castillo testified was a bag of cocaine. Pena testified that the substance in his hand was tissue paper. The recording also captured an exchange of money from Castillo to Pena. Castillo testified that the exchange was for the bag of cocaine, while Pena testified that Castillo was repaying part of a debt owed to Pena. After the defense rested its case-in-chief, the State recalled Gerald Davis, an officer with the Starkville Police Department, to rebut Pena’s assertion that the exchange was merely repayment of a debt. Within the confines of Mississippi Rules of Evidence 404(b) [1] the trial court allowed Davis to testify as to the events on March 6, 2000. Without discussing the March 6, 2000 video, Davis described equipping Castillo with the audio/video equipment, giving Castillo $580 for the bag of cocaine, following Castillo to Pena’s home, and Castillo’s subsequent surrender of the bag of cocaine sold to him by Pena.
DISCUSSION
¶ 3. Pena’s sole issue on appeal is that the trial court erred in allowing Davis’ testimony as to the March 6, 2000 transaction without allowing the jury to view the video of the incident. Therefore, we will only discuss that which pertains to the trial court’s decision to allow Davis’ testimony and to exclude the video.
¶ 4. “Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” M.R.E. 403. During his trial, Pena requested the court to allow the jury the opportunity to view the video of the March 6, 2000 incident rather than to allow Davis *91 testify to it. Pena claims that Davis’ testimony about the March 6, 2000 incident is highly prejudicial without allowing the jury to see the video as well. A trial court enjoys a substantial degree of discretion in its decision to admit or exclude evidence. Woods v. State, 883 So.2d 583, 587(¶ 13) (Miss.Ct.App.2004). In his testimony about the March 6, 2000 incident, Davis testified to equipping Castillo with the video equipment and events that Davis personally witnessed. Davis did not testify to anything that happened on the video. In his on the record findings, the trial judge found Davis’ testimony to be more probative than prejudicial. Finding that the trial court did not abuse its discretion, this issue is without merit.
¶ 5. Pena also claims that the limiting instruction, given when allowing the testimony about the March 6, 2000 incident, insinuated the truth of the events, which would have been mitigated had the jury been allowed to view the video. Any evidence of prior acts offered to show intent to distribute is not barred by M.R.E. 404 and is properly admissible if it passes muster under M.R.E. 403 and is accompanied by a proper limiting instruction. Swington v. State, 742 So.2d 1106, 1112(¶ 15) (Miss.1999) (citing Smith v. State, 656 So.2d 95, 99 (Miss.1995)). The court gave the following instruction as to Davis’ testimony about March 6, 2000:
The Court instructs the Jury that you may not consider the evidence of the March, 2000 investigation of this Defendant, introduced through testimony in rebuttal as evidence of guilt for the offense for which he is being tried. Evidence of this other event is only introduced to show the Defendant’s intent or motive to commit the offense on April 2, 2000, for which he is being tried.
¶ 6. Because the trial court did not abuse its discretion in allowing Davis’ testimony under Mississippi Rules of Evidence 403, and because the instruction was properly given, this claim has no merit. Therefore, the judgment of the trial court is affirmed.
¶ 7. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.

. Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. M.R.E. 404(b)