GRIFFIS, J.,
for the Court:
¶ 1. A jury found Henry Lindsey guilty of possession of contraband in a private correctional facility, in violation of Mississippi Code Annotated section 47-5-198 (Rev.2004). Lindsey was sentenced to seven years in the custody of the Mississippi Department of Corrections (“MDOC”). The sentence was ordered to run consecutively to his prior sentence. On appeal, Lindsey argues that the trial judge erred by failing to give a limiting instruction and failing to recuse. We find no error and affirm.
FACTS
¶ 2. On February 21, 2008, Lindsey was in the custody of the MDOC. He was incarcerated for armed robbery, and he was held at the Walnut Grove Youth Correctional Facility. Lindsey was accused of willfully, unlawfully, and feloniously possessing a contraband item — a sharpened instrument. After a trial held on September 8, 2008, a jury found Lindsey guilty of possession of contraband in a private correctional facility. It is from this judgment that Lindsey appeals.
ANALYSIS
1. Did the trial judge err in alloiving the jury to hear testimony and not issuing a limiting instmction to the jury?
¶ 3. Lindsey contends that the trial judge failed to instruct the jury to disregard evidence of other crimes, wrongs, or acts wher*e there was no foundation for their admissibility and no showing that the probative value outweighed the prejudicial effect. The State argues that Lindsey’s failure to make a contemporaneous objection regarding Lindsey’s past crime of armed robbery bars Lindsey from arguing this issue on appeal. The State further claims that there was nothing for the jury to be instructed to disregard from the evidence because Lindsey never answered the question once the objection by defense counsel was sustained.
¶ 4. During its cross-examination, the State asked Lindsey:
Q: Why are you [at the Walnut Grove Youth Correctional Center]?
A: Armed robbery.
Q: Armed robbery. How long have you been there?
A: Since 2006.
Q: And Mr. Dotson was coming around to serve paperwork on you. You said it was an RVR. What does that mean?
A: A rule violation report.
Q: So you were in trouble when he came to serve you some papers, weren’t you?
A: Yes, sir.
*123 Q: It had something else to do with something else you have been in trouble for besides that shank?
By Mr. Smith: Your Honor, I would object to this line [of questioning] as irrelevant. He’s here about whether or not he had a shank in his cell and not anything else.
By Mr. Thames: He opened the door.
By the Court: It’s just like in a trial of a case, you cannot mention that a person has committed another crime. He has testified it was a RVR [sic], rule violation report, which is the same principle as not being allowed to introduce evidence of subsequent crime. So your objection is sustained.
(Emphasis added).
¶ 5. The trial judge “enjoys a considerable amount of discretion as to the relevancy and admissibility of evidence.” Shearer v. State, 423 So.2d 824, 826 (Miss.1982). We will not reverse the trial court judge unless he abused his discretion and caused the defendant to experience prejudice. Id.
¶ 6. Lindsey cites Smith v. State, 656 So.2d 95 (Miss.1995), to support his argument that the trial court has a sua sponte duty to give a limiting instruction after defense counsel objects to character evidence being admitted. However, Smith was overruled by Brown v. State, 890 So.2d 901 (Miss.2004). In Brown, the supreme court stated:
The burden should properly be upon the trial counsel to request a limiting instruction. This was our rule before Smith, in accord with Rule 105 of the Mississippi Rules of Evidence. The rule provides in pertinent part that “[w]hen evidence which is admissible ... for one purpose but not admissible ... for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.” Miss. R. Evid. 105 (emphasis added). We struggled in Smith to require judges to issue the sua sponte ruling, since that would contradict “a rule so clear” as M.R.E. 105. [citation omitted]. Today we abandon Smith’s requirement that a judge issue a sua sponte limiting instruction and return to the dear language of Rule 105. The rule clearly places the burden of requesting a Rule U0U(b) limiting instruction upon counsel. The rule is controlling, and to the extent that Smith and its progeny contradict that plain language^] they are overruled.
Id. at 913 (¶ 36) (emphasis added).
¶ 7. Here, defense counsel failed to request a limiting instruction, and the trial judge was not required to issue the limiting instruction sua sponte after defense counsel objected. Because it was defense counsel’s duty to request the limiting instruction and counsel failed to do so, this issue is without merit.

2. Did the trial judge err by not recus-ing himself sua sponte?

¶ 8. Lindsey claims that the trial judge was biased and should have recused himself sua sponte after speaking to the potential jurors. The State contends that the judge was not biased and that Lindsey selectively quoted portions of the judge’s introductory remarks to show that he was biased toward Lindsey.
¶ 9. Prior to voir dire, the trial judge made the following comments to the potential jurors:
I’ll stress to you again the importance of a fair and impartial jury. I really believe in the justice system. I really believe it’s no good if it’s not properly handled here in this courtroom. Trial of cases involves young people a lot of times. It involves situations, and you as *124 jurors, you understand of course, that depending upon your verdict, a person’s liberty could be taken away from them. You should not ever be concerned with that, because I know that you will read in the paper and I know that you hear it on the news, and if you’ll listen to me sometimes, I’m very, very critical of the Department of Corrections system in releasing prisoners when they’ve not served the time that the Judge has pronounced. So don’t be concerned with how much punishment is involved in a case. You be concerned with the facts of the case and with the law. Then there’s others, like myself, who will have the responsibility of passing judgment after you’ve made your judgment.
[[Image here]]
I look at a person standing before me, ..., and I look at their mother and father in the background, and they’re good people. But, yet, the decision has got to be done; otherwise, you’re not going home safely when you leave this courthouse, and you’re not going to have the right that you have. One right that people never talk about, ..., is probably the most important right that you can ever have, and that’s the right from fear. You’ll never have that right unless people ante up their responsibility.
¶ 10. The trial judge went on to instruct the potential jurors “to be fair and impartial” and to do what they think is right. He further stated:
He is not required to prove himself innocent. He’s not required to take the stand and testify.... Yes, he has done wrong in the past, but you don’t hold that against him. We know that he is in a correctional facility.... We know that he has committed some offense to cause him to be there. But whatever, that is not for you to be concerned with or to consider — only what happened down there.
He instructed the potential jurors to judge the case by the evidence and not by the lawyers’ performance nor the witnesses’ personalities.
¶ 11. Uniform Rule of Circuit and County Court 1.15 states: “Any party may move for the recusal of a judge ... if it appears that the judge’s impartially might be questioned by a reasonable person knowing all the circumstances, or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law.” See Bateman v. Gray, 968 So.2d 1284, 1290 (¶ 23) (Miss.Ct.App.2007). A trial court judge is presumed to be unbiased and fair, but this presumption may be overcome by evidence which proves a reasonable doubt about the presumption. Id. at (¶ 25).
¶ 12. Failure of the party to object to a trial judge’s appearance results is a waiver of any objection. Foster v. State, 716 So.2d 538, 540 (¶ 7) (Miss.1998); Banana v. State, 635 So.2d 851, 853 (Miss.1994). Lindsey failed to object or file a motion seeking Circuit Judge Gordon to recuse himself. As a result of Lindsey’s failure to object, this assignment of error is procedurally barred on appeal.
¶ 13. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF CONTRABAND IN A PRIVATE CORRECTIONAL FACILITY AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
MYERS, P.J., IRVING, BARNES, ROBERTS AND MAXWELL, JJ„ CONCUR. CARLTON, J„ DISSENTS *125 WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J., LEE, P.J., AND ISHEE, J.