KITCHENS, Justice,
dissenting:
¶ 25. Because the trial court committed reversible error by admitting, over the Maries’ objections, pi-ejudicial portions óf a statement made by Dr. Boulware, I respectfully dissent.
If 26. On December 19, 2003, Marcia Marie went to Dr. Boulware, a rheumatol-ogist at the University of Alabama at Birmingham, for an opinion regarding her vasculitis and her prognosis. In his New Patient Clinic Note,.which is part of Marcia Marie’s medical records, Dr. Boulware recorded Marcia Marie’s medical history and observations related to her vasculitis. Dr. Boulware’s impression of Marcia Marie’s illness was: “it is difficult to tell what type of vasculitis she has but more than likely this will be a medium sized vessel disease.... She -has been treated and evaluated extremely well by Dr. North and at this time was strongly encouraged to maintain follow-up with her.”
¶ 27. Prior to trial, the Maries filed a motion in limine to redact Marcia Marie’s medical records, particularly the portion of Dr. Boulware’s Rheumatology New Patient Clinic Note in which Dr. Boulware had written that Marcia Marie “has been treated and evaluated extremely well by Dr. North and at this time was strongly encouraged to maintain follow-up with her.” The Maries argued that this statement was based upon speculation instead *631 of Marcia Marie’s, medical records. Specifically, • in their motion in limine, , the Maries asserted that “[t]o allow this portion of Mrs. Marie’s medical records to be presented into evidence would highly prejudice the Plaintiff. It[s] ... probative value, if any[,] is far outweighed by its prejudicial effect.” In response, Dr. North argued that Dr. Boulware’s statement was admissible under Mississippi Rule of Evidence 803(4), allowing for the admission of hearsay statements made for the purposes of medical diagnosis and treatment,. and under Mississippi Rule of Evidence 803(6), allowing for the admission of hearsay statements if they are records of regularly conducted business activity. The trial court denied the Maries’ motion in limine, holding that Dr. Boulware’s statement was admissible because if was a “medical record.”
¶ 28. After the trial court had held that Dr. Boulware’s statement was admissible, the Maries offered Marcia Marie’s medical records into evidence as Exhibit l,.with Dr. Boulware’s statement unredacted. The plaintiffs then objected to that evi-. dence, arguing that. Dr. Boulware’s statement was inadmissible for the same reasons that they had previously argued in their motion in limine. The. trial court responded: “You’ve got your objection.”
¶29. Although awkwardly presented, the Maries did make and preserve their objection to the receipt of Dr. Boulware’s statement into evidence. . In the circumstances,' the better practice would have been for the Maries to have premarked the medical-records exhibit that included Dr. Boulware’s complimentary statement about Dr. North with that statement redacted. This exhibit could have been tendered into evidence by the Maries during their case-in-chief. Clearly, they were entitled to have such an exhibit received into-evidence. Dr. North, of course, was at liberty to object to the redaction , pretrial and also to make a contemporaneous objection to its receipt into evidence. In anticipation that the defendants would tender the same exhibit without the redaction — and the defendants likely would have premarked such an exhibit — a motion in limine by the Maries could have urged the trial court not to receive such a defense exhibit into evidence.
¶ 30. “The admissibility of evidence rests within the discretion of the trial court, and reversal is appropriate only when a trial court commits -an abuse of discretion resulting in prejudice.... ” Ross v. State, 954 So.2d 968, 992 (Miss.2007) (citing Irby v. State, 893 So.2d 1042, 1047 (Miss.2004)).
¶ 31. The Mississippi Rules of Evidence provide that “[hjearsay is not admissible except as provided by-law.” M.R.E. 802. Further, hearsay is defined as “a statement, other than one made by the declar-ant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” M.R.E. 801(c). Because Dr. Boulware’s Rheumatology New Patient Clinic Note was hearsay, we must examine whether-that statement is covered by one or more of the hearsay exceptions found in the Mississippi Rules of Evidence. See M.R.E. 802. Rule 803(4) provides:
Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment, regardless of to whom the statements are made, or when the state-merits are made, if the court, in its discretion, affirmatively finds that. the proffered statements were made under circumstances substantially indicating their trustworthiness. For purposes of *632 this rule, the term “medical” refers to emotional and mental health as well as physical health.
It is clear, however, that this rule applies only to statements made by the person seeking medical diagnosis or care or on behalf of the person seeking medical diagnosis or care, not to the observations of the patient’s doctor. See Valmain v. State, 5 So.3d 1079, 1083-84 (Miss.2009). Indeed, we have held that “[t]he underlying principle of the Rule 803(4) hearsay exception is that statements made to physicians are highly likely to be truthful.” Id. at 1084 (emphasis added). We have found that these hearsay statements are sufficiently reliable because they are “assured by the likelihood that the patient believes that the effectiveness of the treatment depends on the accuracy of the information provided to the doctor, which may be termed a ‘selfish treatment motivation.’” Id. (quoting Broun, et al., McCormick on Evidence 2 § 277, 284 (6th ed.2006)). Dr. Boulware’s statement was not one made by a patient to a physician and therefore it does not carry the indicia of reliability that justify this hearsay exception. Moreover, the trial court did not admit Dr. Boulware’s statement under Rule 803(4). The trial court admitted Dr. Boulware’s statement as a “medical record.” Ultimately, the majority’s application of Rule 803(4) to Dr. Boulware’s statement is unprecedented and it is unsupported by the policy underlying the rule. Because Dr. Boulware was not seeking treatment when writing his clinic note, Rule 803(4) does not apply.
¶ 32. Instead, Dr. Boulware’s statement meets the exception to the hearsay prohibition outlined in Rule 803(6) of the Mississippi Rules of Evidence. Rule' 803(6), which articulates an exception to the hearsay rule for records of regularly conducted business activity, provides:
A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or self-authenticated pursuant to Rule 902(11), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term “business” as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
The comments to this rule say, in pertinent part: “Rule 803(6) specifically includes diagnoses and opinions as proper subjects of admissible entries, as well as the traditionally admissible entries pertaining to acts, events and conditions.”
¶ 33. The Maries argue that, even if Dr. Boulware’s statement meets the Rule 803(6) hearsay exception, it is inadmissible because it is unreliable. The Maries opine that Dr. Boulware’s statement was not based on credible evidence. Dr. Boul-ware’s statement was based upon his independent evaluation of Marcia Marie. Thus, it is clear that Dr. Boulware’s written notes, made for the purpose of communicating his opinion regarding Marcia Marie’s diagnosis and prognosis, meet the exception to the hearsay proscription outlined in Rule 803(6).
¶ 34. However, even if Dr. Boulware’s statement qualifies as an exception to the hearsay rule, it still may be inadmissible if its probative value is substantially outweighed by the unfair prejudice it creates. *633 Rule 403 provides: “Although relevant, evidence may be excluded if its probative valué is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” M.R.E. 403.
¶ 35. It is common for medical records to include statements and opinions from healthcare professionals who will not be offered as witnesses and whose expert qualifications are not established in the case. To avoid hearsay exclusion, an expert who has been qualified to offer an opinion in the case must testify that statements and opinions such as those included in the medical records are the kinds of statements and opinions ordinarily relied upon by experts in the field.
¶ 36. Dr. Boulware was not offered as an expert in this case, his statement was not offered as part of an expert report, and his testimony was not admitted into evidence as that of an expert witness. However, the statement itself spoke to the standard of care applicable to Dr. North. Thus, although this statement was admitted merely as a “medical record,” because Dr. Boulware’s statement addressed the issue of Dr. North’s standard of care, we cannot ignore that it is the type of testimonial statement that this Court has mandated is appropriate only if given by experts or customarily relied upon by experts in the field. See Foster v. Noel, 715 So.2d 174, 183 (Miss.1998). Indeed, this is the very reason that we have an exacting Rule 702. See Bailey Lumber & Supply Co. v. Robinson, 98 So.3d 986, 992 (Miss.2012). We have held that, in order to for an expert opinion to be reliable, a witness must demonstrate that he has the “knowledge, skill, experience, training, or education” to satisfy Rule 702. Troupe v. McAuley, 955 So.2d 848, 856 (Miss.2007); accord Bailey Lumber & Supply Co., 98 So.3d at 996 (holding that the opinion of a doctor who- specialized in internal medicine regarding the cause of a patient’s hip injury was unreliable because he lacked sufficient expertise in the relevant medical field); Worthy v. McNair, 37 So.3d 609, 616-17 (Miss.2012) (holding that an obstetrician-gynecologist’s testimony about unborn baby’s cause of death was unreliable because he lacked the required expertise in the field). ■ In this case, there is no evidence regarding Dr. Boulware’s experience, training, education, or expertise in the record and no adjudication that he is, in fact,’ an expert in rheumatology. Furthermore, the Maries have had no opportunity to cross-examine him regarding the basis for his opinion. Thus, his opinion regarding the relevant - standard of care has minimal, if any, probative value under our rules, because the standard of care is a topic about which only qualified experts may testify and because Dr. Boulware’s statement lacks the indicia of reliability to be admitted as expert testimony.
¶ 37. Furthermore, ¡this -statement was highly prejudicial to the Maries. It speaks directly to the very claims' the Maries sought to prove at trial. Moreover, because it was a statement made by a physician, the jury easily could have found it persuasive and would not have known that it was not to assign to this statement the same weight it would give that of a medical expert who had undergone Rule 702 vetting at trial. Because its prejudicial effect substantially outweighed its probative value, the trial court abused its discretion in admitting Dr. Boulware’s statement into evidence. M.R.E. 403.. And because admission of the statement affected a “substantial right” of a party, its admission constituted reversible error. M.R.E. 103.
¶ 38. The majority asserts that the Ma-ries did not request that the trial court *634 perform a Rule 403 balancing test. This is not correct. Specifically, in their motion in limine, the Maries asserted that “[t]o allow this portion of Mrs. Marie’s medical records to be presented into evidence would highly prejudice the Plaintiff. It[s] ... probative value, if any is far outweighed by its prejudicial effect.” Further, in their rebuttal brief, the Maries argued:
Rule 403 of the Mississippi Rules of Evidence states, “Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair- prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.”
Plaintiffs have the burden of proving the standard of care and breach thereof by competent medical testimony. It is through admissible, competent medical testimony that the jury should weigh the evidence and determine whether the standard of care was breached. If the jury sees untrustworthy, hearsay notes that Mrs. Marie “has been treated and evaluated extremely well” and “I really do think that Dr. North is on the right track,” and hears of a conversation wherein another doctor states, “You’re doing the best that can be done,” Plaintiffs will be highly prejudiced in - this case. Such prejudice highly outweighs any probative value.
The majority suggests that it is not enough to invoke Rule 403; a party also must explicitly request that the trial court perform a balancing test to assert a proper objection. The majority’s holding is inconsistent with our case law and the Mississippi Rules of Evidence. We have held that, once an objection to the admission of evidence is made on the basis of Rule 403, the trial court should perform an on-the-record balancing test. Smith v. State, 656 So.2d 95 (Miss.1995), overruled in part by Brown v. State, 890 So.2d 901 (Miss.2004) (abandoning - Smith’s requirement that a trial judge sua sponte give a limiting instruction). Because Rule 403 describes a balancing test, there is no way for-a court to evaluate the admissibility of evidence under Rule 403 without performing a balancing test. See M.R.E. 403. Thus, the invocation of Rule 403, which requires the trial court to determine whether evidence is substantially more prejudicial than it is probative, is ipso fa,cto a request for the trial court to perform a Rule 403 balancing test. See id.
¶ 39. Ultimately, the .majority errs in finding that Dr. Boulware’s statement was admissible because it meets the. test of Rule 803(4). Moreover, Dr. Boulware’s statement was inadmissible evidence because its prejudicial effect was substantially outweighed by its. probative value. Therefore, I respectfully dissent.
DICKINSON, P.J., LAMAR AND KING, JJ., JOIN THIS OPINION. -